Texas & Pacific Railway Company v. Coggin & Dunaway.

Decided December 7, 1906.

**1.—Picked-up Jury.**

When a party agrees to the setting of a jury case for a time when he must know there would be no regular jury, he can not complain that a "picked-up" jury is empaneled for the trial of the case.

**2.—Shipment of Cattle—Place of Delivery—Custom.**

In a suit for damage to a shipment of cattle, where the evidence showed that it was the general custom of the carrier to deliver cattle shipped to Ft. Worth, as the cattle in controversy were, at the Ft. Worth Stockyards, it was not error for the court to charge the jury that it was the duty of the carrier to deliver said cattle at said place.

**3.—Cold Weather—Act of God.**

Cold weather in the month of December at Ft. Worth, Texas, is not such an act of God as will excuse a railroad company from liability for damage to cattle in transportation negligently exposed to the weather at said place.

**4.—Destination—Precise Place.**

When, by the terms of a shipping contract, freight is to be delivered at a certain city, testimony is admissible of an agreement on the part of the carrier at the time the contract was executed to deliver such freight at a certain place in said city.

Appeal from the District Court of Mitchell County. Tried below before Hon. James L. Shepherd.

*Wagstaff & Davidson,* for appellant.

*Thurmond & Sandusky,* for appellees.

SPEER, Associate Justice.—This is the ordinary action for damages to a shipment of cattle made by appellees over the line of appellant from Iatan to Fort Worth. Appellees alleged in their petition that the cattle were roughly handled and delayed so that they had to be held over for the market of December 2, 1905, when they should have arrived and been sold on the market of December 1, 1905; that because of appellant's negligence in thus delaying them the cattle were compelled to stand in the rain and cold after they were unloaded, all of which resulted in the damages sued for. The appellant among other

things pleaded a written contract limiting its liability to damages occurring on its own line.    There was a trial resulting in a verdict and judgment for appellees for the sum of five hundred and forty-five dollars, with interest at the rate of six percent from December 2, 1905.

There is no merit in appellant's complaint that it was forced to try this case before a jury picked up by the sheriff of Mitchell County, rather than a jury regularly drawn for the week, since by the qualification attached to the bill of exceptions by the court it clearly appears that appellant waived its right to a trial before a regularly selected jury in consenting to a setting of the case for a time when counsel for appellant knew the trial must be had before a picked up jury.

The evidence was such as to indicate that the general custom of appellant was to make delivery of cattle shipped to Fort Worth, as these cattle were, at the Fort Worth stock yards, and there was therefore no error in the court's instructing the jury that it was the duty of appellant to deliver the stock in controversy at such place.

If through appellant's negligence appellees' cattle were so delayed that they had to be held over from December 1 until the next day for a market, and in the meantime, they sustained injuries by reason of cold and rain, it would be liable for the damages.    Cold weather in the month of December in this latitude is not that act of God which would excuse a carrier from the performance of its contract.    The carrier must be held to have anticipated such weather at the time of entering into the contract.

The evidence of the witness Coggin to the effect that appellant at the time of making the contract agreed to deliver the stock at the stock yards, was admissible in view of the practically undisputed testimony that such was appellant's custom.    Such testimony was an explanation rather than a contradiction of the written contract, which was silent as to the precise point of delivery in Fort Worth.

There can be no error in the court's refusal to allow appellant to prove by the witness Coggin, on his cross-examination, the schedule time of its train in which the cattle were shipped, since if such fact was material at all, it was proved by one of the company's conductors, who testified as a witness.

We find no error in the record, and the judgment of the District Court is therefore affirmed.

*Affirmed.*