HOUSTON & TEXAS CENTRAL RAILROAD COMPANY v. F. M. HILL ET AL.

Decided April 2, 1910.

**1.—Carrier and Connecting Carrier—Conversion—Liability.**

In a suit against three railroad companies for conversion of a mule, the evidence showed that two cars of mules containing 25 each were delivered to the initial carrier; at the time of accepting the mules the cars were sealed by the railroad company with a seal bearing a certain stamp; these particular seals were intact when the cars were delivered to a second carrier; the cars were delivered by the second to a third carrier, and it appeared that the cars were then sealed also, but it was not shown that the seals were the same put on the cars by the initial carrier. Held, the evidence was sufficient to support a verdict against the initial carrier, and this, whether the second carrier was a connecting carrier or acted as agent for the first carrier.

**2.—Same—Custom—Evidence.**

In a suit against three railroad companies for the value of a mule lost during transportation over the lines of said companies from McKinney to Fort Worth, Texas, it was permissible to prove a general custom at McKinney that live stock consigned to parties at Fort Worth was to be delivered at the stock yards in North Fort Worth.

**3.—Practice—Charge—No Issue.**

A special charge submitting an issue not raised by the evidence, is properly refused.

Appeal from the County Court of Collin County, Texas. Tried below before Hon. John Church.

*Baker, Botts, Parker & Garwood* and *Smith & Wilcox*, for appellant.—The shipping contract or bill of lading was in writing and signed by the parties. It called for a delivery at Fort Worth, Texas.

The terms of the contract can not be varied by parol or proof of custom, and the court erred .in admitting the evidence set out in the assignment. Moore v. Kennedy, 81 Texas, 144; Mercantile Banking Co. v. Landa, 33 S. W., ·681; McTyer v. Steele, 26 Ala., 487; 2 Cyc. Ev., 875; 6 Cyc., 421, note 3; 12 Cyc., 1091 (F); Bank of Commerce v. Bissell, 72 N. Y., 615; Diamant v. Long Island R. Co., 62 N. Y. Supp., 519; Farmers Natl. Bank v. Erie R. Co., 72 N. Y., 188.

There being neither pleading nor proof showing that the custom sought to be established was a general and universal custom and known to the parties, the court erred in admitting the testimony complained of. Missouri, K. & T. Ry. Co. v. Mayfield, 29 Texas Civ. App., 477; 12 Cyc., 1041, and Texas cases there cited in note 44.

*Garnett & Hughston,* for appellee F. M. Hill.—Under the pleadings and proof the issue as to all the carriers handling the shipment being connecting carriers, was made, and the submission of the issue to the jury was correct; it being a through shipment the duty of the appellant to the plaintiff was not discharged until the consignees received the shipment. Texas & P. R. Co. v. Felker, 40 Texas Civ. App., 604; Chicago, R. I. & G. R. Co. v. Young & Ball, 107 S. W., 127; Texas & P. R. Co. v. Coggin, 44 Texas Civ. App., 423; Texas & P. R. Co. v. Scoggin, 40 Texas Civ. App., 526; Covington Stock Yards Co. v. Keith, 139 U. S., 128.

The question of custom and understanding and contemplation of the parties being properly pleaded, the evidence on this subject was admissible. See authorities above stated, also Texas & P. R. Co. v. Coggin, 44 Texas Civ. App., 423.

*Capps, Cantey, Hanger & Short,* for appellee, Fort Worth Belt Ry. Co.

BOOKHOUT, ASSOCIATE JUSTICE.—This action was brought by F. M. Hill to recover for the loss or conversion of one mule out of a shipment of two cars of mules received by the Houston & Texas Central Railroad Company at McKinney, Texas, for shipment to Fort Worth, Texas, plaintiff alleging that he delivered fifty mules at McKinney, Texas, and that only forty-nine mules were delivered to consignees at Fort Worth. The trial resulted in a verdict in favor of the plaintiff for $235.20 against the Houston & Texas Central· Railroad Company, .and in favor of the other two defendant companies, viz., Chicago, Rock Island & Gulf Railway Company, and Fort Worth Belt Railway Company. Appellant's motion for new trial having been overruled, it perfected an appeal.

The evidence shows that the mules were loaded in two cars, which cars were sealed at McKinney with McKinney seals, and that shortly after their arrival at Fort Worth the cars were turned over to the Chicago, Rock Island & Gulf Railway Company, sealed with the McKinney seals intact at the time, and appellant contends that the evidence shows that the cars were set out at the unloading docks

at the stock yards still sealed with McKinney seals intact and unbroken, and that this being so it is impossible that a mule could have escaped from the cars, and for this reason the verdict is without evidence to support it. This contention is not sustained.

The mules were loaded at McKinney in two cars, each car containing twenty-five mules. The cars were then sealed with McKinney seals. The cars were then transported by appellant over its lines to Fort Worth, where they arrived at 12:05 o'clock p. m., January 21, 1906, and were shortly thereafter turned over to the Chicago, Rock Island & Gulf Railroad, which road delivered them to the Fort Worth Belt Railway Company. The cars were sealed with McKinney seals when delivered to the Chicago, Rock Island & Gulf Railroad Company and the seals were intact. The cars were turned over to the Fort Worth Belt Railway at 3:35 o'clock p. m. and at the time were sealed. The evidence, however, does not show whose seals were on the cars. It is not shown whether the cars were sealed with McKinney seals or the seals of the Chicago, Rock Island & Gulf Railroad Company. There is no evidence as to how the cars were handled while in the possession of the Chicago, Rock Island & Gulf Railroad, or whether a mule escaped while the cars were in its possession. The evidence was sufficient to support the judgment.

We think it immaterial whether the Chicago, Rock Island & Gulf Railroad in receiving the cars and transporting them to the Belt Railway was a connecting carrier, or acted as the agent of appellant. If the mule escaped while in its possession both it and appellant are liable. Texas & P. Ry. Co. v. Randle, 18 Texas Civ. App., 348; Galveston, H. & S. A. Ry. v. Botts, 70 S. W., 114. If the Chicago, Rock Island & Gulf Railroad Company, in transporting the cars from the tracks of the Houston & Texas Central Railroad Company to those of the Belt Railway Company, was acting as the agent of appellant, then it is clear appellant is liable for its negligence while so transporting the cars. The uncontradicted evidence shows that the mule did not escape while the cars were being switched by the Belt Railway to the unloading dock in the stock yards.

The appellant's bill of lading was for the transportation of the mules from McKinney to Fort Worth. They were consigned to Cook & Simmons. There was a general custom at McKinney that live stock consigned to parties at Fort Worth was to be delivered at the stock yards at North Fort Worth. The agent of the appellant at McKinney agreed that the mules were to be delivered to Cook & Simmons at the stock yards in North Fort Worth. Evidence of a general custom that stock consigned to parties at Fort Worth were to be delivered at the stock yards in North Fort Worth was competent and admissible. Texas & Pac. Ry. Co. v. Coggin, 44 Texas Civ. App., 423 (99 S. W., 1052). The case cited also holds that where the carrier agreed to deliver the live stock at the stock yards that such evidence is admissible. This holding meets with our approval.

The appellant assigns as error the court's refusal to give its requested charge reading as follows: "The bill of lading introduced in evidence makes out a *prima facie* case against the Houston &

Texas Central Railroad Company of the delivery to it by plaintiff of fifty mules upon the occasion in question, but such *prima facie* case may be rebutted by competent evidence, and if you should find and believe from the evidence that said Houston & Texas Central Railroad Company only received from plaintiff forty-nine mules for shipment to Fort Worth, Texas, upon the occasion in question, then you should return a verdict in favor of said defendant Houston & Texas Central Railroad Company." There was no error in refusing this charge. Under the evidence it was not called for, and it might have misled the jury had it been given.

We have carefully considered all the assignments presented in appellant's brief and, because in our opinion no reversible error is pointed out in any of them, the same are overruled.

The judgment is affirmed.

*Affirmed.*