## UNIVERSAL CREDIT CO. v. TOWNS.

### No. 2346.

Court of Civil Appeals of Texas. Beaumont.
March 16, 1933.

E. L. Early and Wm. H. Russell, both of San Antonio, for appellant.

Reed Cozart and Morriss & Morriss, all of San Antonio, for appellee.

WALKER, Chief Justice.

This appeal is from a judgment of county court at law No. 1, Bexar county, wherein appellee, J. W. Towns, was awarded judgment against appellant, Universal Credit Company, for $201 actual damages and $200 exemplary damages, for wrongfully "repossessing" his automobile. Appellant answered by several special defenses based upon breach by appellee of the conditional sale contract under which he held the automobile, but offered proof in support only of the allegation that appellee matured the contract by defaulting in his monthly payments. It was provided in the sale contract that "at the election" of appellant, appellee's default should mature all future payments and, in that event, appellant should have the right to seize the automobile. This defense was found by the jury against appellant.

There is no merit in any of appellant's assignments based upon the proposition of variance between the allegations of the petition and the proof as to the date of the maturity of the monthly payments, as fixed by the sale contract. The contract was dated 2/24/1930. Appellee alleged that the monthly payments were to mature on the 24th of each month. This was also the allegation of appellant's answer. The proof was that both parties, from the inception of the contract, until appellant seized the automobile on the 13th of July, 1930, construed the contract as maturing the monthly installments on the 24th of each month. The language of the contract was as follows: "In 12 instalments of $36.00 each on the same day of each successive month and commencing 3/18/30 from one month the date hereof." The words "one month" were written in ink under the figures "3/18/30," with a line drawn in ink separating the words from the figures, as indicated. The most that can be said in appellant's favor is that an ambiguity existed as to the maturity date, which, however, was resolved by the parties in support of the allegations of the petition. A variance does not arise from a mere ambiguity, uncertainty, or inconsistency in the contract. 49 C. J. 817, § 1204; Lasater v. Van Hook, 77 Tex. 650, 14 S. W. 270.

As the undisputed facts are that appellee paid some of the installments after their maturity date, appellant insists that this default matured all future payments. This contention is without merit because, under the terms of the contract, future payments, in the event of default, matured only on the "election" of appellant, and that election was not exercised. There is no merit in this contention for the further reason that appellant exercised its "election" not on the ground that appellee had been slow in his payments, but on the ground that he had "neglected to pay the delinquent installments." As stated above, this issue was found by the jury against appellant's contention, thus convicting it of wrongfully repossessing the automobile.

Appellant introduced in evidence a letter from appellee to it dated 7/14/30, in which he said he was preparing "to drive" to San Francisco. Appellee was then permitted to testify, over appellant's objection, that it was not his purpose to use the car in issue in this case. This was not error. Possibly the letter was immaterial upon any issue before the court, but as appellant offered it, appellee was entitled to explain it. As appellant had seized the automobile before writing this letter, it was fully advised that appellee could not use it in his "drive" to San Francisco and, therefore, appellant was not prejudiced by appellee's testimony that he did not intend to use the automobile.

Appellant also complains of certain voluntary statements made by appellee on cross-examination. This testimony was not error. Appellant permitted appellee to make two or three voluntary statements without objection and did not raise the point until this character of testimony was all before the court. On this statement, in order to predicate error, appellant was required to move to strike the objectionable testimony, which was not done. Ft. Worth & D. C. Railway Co. v. Hapgood (Tex. Civ. App.) 201 S. W. 1040; 3 Tex. Jur. 192.

There was no error in overruling appellant's exceptions to appellee's petition on the

issue of exemplary damages. The exceptions were well taken and should have been sustained but, as appellee offered no proof in support of these allegations, and as the issues thus pleaded were not submitted to the jury, the error in overruling the exceptions was rendered harmless. The issues on exemplary damages submitted to the jury were correctly pleaded and supported by the testimony.

The trial court did not commit error in compelling appellant to try the case before "a picked up jury." The suit was filed on January 19, 1931, and tried on May 29, 1931. It had been continued several times at the request of appellant, while appellee was present and ready for trial. The jury was not demanded until the case was called for trial, at which time the regular jury had been excused for the week. Had appellant demanded the jury on the day before, at which time it knew the case was set for trial the next morning, a regular jury could have been had. The postponement of the case until the next week would probably have resulted in its continuance for the term. Under this statement, the ruling of the court forcing appellant to trial was not error. Texas & P. Railway Co. v. Coggin, 44 Tex. Civ. App. 423, 99 S. W. 1052.

From what has been said it follows that the judgment of the lower court should be affirmed, and it is accordingly so ordered.