Wheeler, J.
The plaintiff appears to have acquiesced in the discharge of the jury and in submitting the case to the decision of the court on the demurrer to the evidence. We are to inquire, therefore, whether the court decided rightly on the admissibility of evidence and on the legal effect of the evidence.
The plaintiff’s petition is framed with a double aspect, setting forth two distinct grounds on which lie seeks relief, with a prayer in the"alternative, first, for a rescission of the original coutract; hut if lie is not entitled oil the case stated to this relief, then lie asks that the deeds of purchase under the judgments foreclosing-the mortgages be canceled, and that he be restored to the possession of the lands.
Iteversing the order in which the grounds of relief are presented in the petition, they may be severally considered, and, 1st, as to the right of the plaintiff to a cancellation of the deeds under which the defendants claim, and a restoration to the plaintiff of the promises.
The application to a court of equity for the cancellation or delivery up of deeds and other instruments, upon the ground that those who hold them ought not to bo permitted to avail themselves of them against the complainant, or that they cast a clond over liis title, is not, strictly speaking, a matter of absolute right but of discretion. “ Not, indeed, (says Story,) of arbitrary and capricious discretion, but of sound and reasonable discretion.” Secundum arbitrium boni judiéis. And in all cases of this sort, where the interposition of a court of equity is sought, the court will, in granting relief, impose such terms upon the party as it deems the real justice of the case requires; and if (he plaintiff refuse i.o comply with such terms, his bill wilL bo dismissed. The maxim here is emphatically applied: “He who seeks equity must do equity.” (2 Story, Com. liq., sec. 093.)
“In all the cases whore a delivery up or cancellation of deeds or other instruments is sought, cither upon the ground of their original invalidity, or of their subsequent, satisfaction, or because the party lias a just title thereto or derives an interest under them, courts of eqnily act upon an enlarged and comprehensive policy; and, therefore, in granting the relief, they will impose such terms and qualifications as shall meet the just equities of the opposing party. Tims, for instance, if (lie heir at law seeks a discovery and delivery of the title deeds of the. estate of his ancestor against a jointress, he will not be allowed theiclief unless upon the terms [©!>] of confirming her jointure. So, when there is a *33 subsequent mortgagee without notice, who has possession of the title deeds, lie will not be compelled to deliver up the deeds to the first mortgagee unless upon the terms that the' latter will pay him the mortgage money.” (Id., sec. 707.) “So, in cases of usury, courts of equity will not interfere in favor of the borrower except upon the payment or allowance of the debt fai^y due. So, in eases of the setting aside md canee. .Uion mil delivery up of an. •. by securities, because they are not Inly regisb :ed, c nirts of equity w '1 direct* an account of all receipts and payments on eaou side, and require the just balance to be paid by the proper party.’ (Id., see. J98.)
The application of these well-settled principles of equity to the present case would require that, to entitle the plaintiff to take advantage of the supposed nullity of the judgments decreeing a foreclosure of the mortgages, and to have a cancellation of the deeds of the purchasers at the sale of the lands made iu execution of those judgments, he must have paid or tendered payment to the defendant Garza, who would become responsible to the other purchasers, of the original purchase-money remaining unpaid.
This the plainest principles of equity and justice required of him before he could ask a court of equity to interpose its authority to afford him the relief sought; and this upon the principle of the maxim that “he who seeks the aid of equity must do equity.” But there is neither averment nor proof of payment, or any offer or readiness to pay the $3,000 of the purchase-money still due. In so far, therefore, as the plaintiff's right to relief rested on the ground we are now considering, the court did not err in its judgment.
2d. It remains to inquire whether the court erred in its rulings and judgment respecting the right of the plaintiff to a rescission of his contract of purchase.
There can be no doubt that if, as alleged, the defendant fraudulently represented (be tract of land to contain twice the quantity it did contain, and the plaintiff was thereby deceived and induced to make the purchase at the price stipulated, it was a ease of positive fraud which would authorize a rescission of the contract. Not being a case of mutual mistake, the contract would not be obligatory, although the. land was sold iu gross or by certain boundaries. (1 Story Com. Eq., secs. 144, 192, 193; Mitchell v. Zimmerman, 4 Tex. R.)
That the allegations of the petition, if true, constitute a ground for rescinding the contract, cannot admit of a question. But the plaintiff was not permitted lo introduce evidence in support of them. It is not perceived upon what ground the evidence offered by him, to establish the alleged deficiency in the quantity of the laud conveyed, was excluded. No objection to its admissibility has been indicated or is perceived. The existence, in fact, of the alleged deficiency was the basis on which the plaintiff’s right to introduce evidence touching the representations of the defendant respecting the quantity of land iu the tract conveyed, the means of information of the parties respectively, and such other circumstances as liad a tendency to give character to the transaction, depended, 'file ruling of the court, in refusing to permit him to give evidence of that essential fact, effectually precluded him from giving any evidence in support of the averments of his petition respecting that ground of relief; for it would have been idle in him to have offered evidence of the representations of the defendant touching the quantity of the land conveyed, or any oilier fact or circumstance affecting 1ns right to a rescission of the contract, on the ground of a deception and fraud practiced upon him respecting the quantity, when he. was not allowed to show how much was conveyed, or to adduce any evidence conducing to prove that the quantity contained in the tract was les, ti a>. th.;t called for iu the deed.
The ruling of the court, in thus effectually excluding all evidence in the support of the averments of the petition, virtually denied that those averments, if true, constituted a ground for rescinding the contract. That this ruling was erroneous cannot admit of a question.
Note 10. — Iierndon v. Bice, 21 T., 455; Teas v. McDonald, 13 T., 349.
Note 11. -Oondict v. Brown, 21 T., 421; Rhode v. Alley, 27 T., 443.
It is not necessary now to inquire what facts, less than those alleged in the petition, would authorize a rescission of the contract. We are not to assume that the plaintiff will not be able to prove the facts alleged until he shall have failed to do so, after an opportunity afforded him to make the proof. When a case shall have been presented for our consideration, different from that stated in the plaintiff’s petition, a fit occasion will be presented to ascertain and apply the law applicable in such a case.
Under what circumstances a contract may be rescinded, at the instance of the vendee of lands, in consequence of the fraudulent representations of the vendor, was considered, to some extent, in the caso of Mitchell v. Zimmerman, (4 Tex. R.,) to which, for the present, as the subject has not received the attention of counsel in argument, it may suffice to refer.
Because the court erred in rejecting evidence offered by the plaintiff, we are of opinion that the judgment be reversed, and the cause remanded for further proceedings.
Judgment reversed.