Texas & Pacific Railway Co. v. Mrs. R. J. Hightower et al.

No. 732.

**1. Removal of Cause to Federal Court.**

A defendant railway corporation is not entitled to remove a case from a State court to the Federal court upon the ground that the action against it is one arising under the laws of the United States, by which the charter of such railway company was granted, where it does not appear from the allegations of the plaintiff's petition that the defendant corporation was chartered by an Act of Congress, or that either party claims any right under the Constitution or laws of the United States, although the fact of such Federal charter be averred in the application for removal.

**2. Charge of Court—Issue—Evidence Necessary.**

An issue must be made by the evidence, as well as by the pleading, to authorize its submission to the jury, and where there is no testimony tending to support an allegation upon which a party seeks to recover, a charge which authorizes the jury to find that such allegation is proven is erroneous.

**3. Pleading and Proof—Immaterial Variance.**

Where, in an action against a railway company, under the allegations of plaintiff's petition, it would make no difference as to defendant's liability whether the defect which caused the injury was at a point where the railroad crossed the street, as alleged, or not, the failure to prove an averment that it was at such point of crossing would not involve a variance.

Appeal from Tarrant. Tried below before Hon. W. D. Harris.

*Geo. Thompson,* for appellant.—1. The application for removal al-

leged that the T. & P. Ry. Co. was a corporation created and chartered
by virtue of an Act of Congress.  It then followed that the suit was one
arising under the laws of the United States, and said company had a
right to remove without regard to its co-defendant.  Pacific Removal
Cases, 105 U. S., 1; Allen v. Railway, 25 Fed. Rep., 513; Mitchell v.
Smale, 140 U. S., 406; Ames v. Kansas, 111 U. S., 449; Railway v. Rail-
way, 112 U. S., 414; Mississippi v. Railway, 102 U. S., 135; Lawrence v.
Norton, 13 Fed. Rep., 1; Hurst v. Cobb, 61 Fed. Rep., 1; Railway v.
Townsend, 62 Fed. Rep., 161; Act of Congress entitled Removal Act,
passed August 13, 1888.

2.   The court's charge making defendant liable for any negligence
in failing to repair the bridge across the ditch, or culvert, although the
jury should find that the place of accident was not at the crossing or
intersection of the track, submitted an issue not made by the pleading
or relied upon by the plaintiff.

3.   The court erred in submitting to the jury the duty of the railway
company with reference to the keeping of the place where its tracks
cross any public street in repair, for the reason that the testimony showed
that the place of the accident was not at a point where its tracks crossed
any public street, but was from forty to fifty feet distant from such
point.

*Wynne & McCart* and *A. J. Booty*, for appellees.—1.   The petition of
appellees does not state that appellant is a United States corporation,
but a corporation duly chartered, etc.   Railway v. Young, 27 S. W. Rep.,
145-6; Dill. Rem. Causes, sec. 80.

2.   While the testimony showed the place of the injury to be from
45 to 48 feet from appellants nearest track, it also appeared that the
culvert in which the hole into which appellee stepped and was injured,
was a part of a ditch to drain water from the yards of appellant, and
presumably dug by appellant for its own convenience and benefit and it
was its duty to keep in repair a ditch made and used by it.   Rev. Stats.,
art. 4170; Railway v. Bridges, 74 Texas, 521; s. c. 29 A. & E. R. R.
Cases, 604; Pierce on Railroads, 245; Maltby v. Railway, 17 N. W. Rep.,
717; City of Minneapolis v. Railway, 28 N. W. Rep., 3; White v. Quincy,
97 Mass., 430; Angel on Highways, sec. 267 and note 2; Judson v. Rail-
way, 29 Conn., 434; Wilson v. City of Boston, 117 Mass., 500; Cambridge
v. Railway, 48 Mass., 70; Patterson on Ry. Accident Law, secs. 152-4;
Maltby v. Railway, 13 A. & E. Ry. Cas., 606; Paducah v. Commonwealth,
10 A. & E. Ry. Cas., 318; Railway v. City of Atlanta, 19 A. & E. Ry Cas.,
234.

NEILL, ASSOCIATE JUSTICE.—The appellee, Mrs. Hightower, brought
this suit against the City of Fort Worth and appellant to recover dam-
ages for a personal injury which occurred on the 8th of September, 1893,
while walking on the west side of Main street, in the city of Fort Worth.
She alleged that the injury was occasioned by her stepping in a hole

in the sidewalk of said street and breaking her leg; that the hole into which she stepped was at a point where a number of tracks of the Texas & Pacific Railway Company crossed the street, and at the immediate point a ditch four feet wide and three feet deep crossed Main street in an easterly direction, which ditch was alleged to have been dug by the railway company for the purpose of conveying water from its yards, etc., situated about four hundred feet west of where the accident occurred.

The railway company filed a petition for removal to the United States Circuit Court, which was refused; after which it answered by a general denial and a plea of contributory negligence.

The trial resulted in a verdict and judgment in favor of Mrs. Hightower against the railway company for $3500, of which $125 was remitted, and a verdict and judgment in favor of the city. From the judgment against it the railway company has appealed.

As the refusal of the court to grant an order removing the cause to the Federal Court is assigned as error, we will consider that assignment first. The ground upon which the removal was asked is that the suit against appellant is one arising under the laws of the United States, by which the charter of said railway company was granted.

It has been "adjudged that under the Acts of March 3, 1887, chapter 373 (24 Stats. at Large, 552) and August 13, 1888, chapter 866 (25 Stats. at Large, 433), a case not depending on the citizenship of the parties, nor otherwise specially provided for, cannot be removed from a State court into the Circuit Court of the United States as one arising under the constitution laws or treaties of the United States, unless that appears by the plaintiff's statement of his own claim; and that if it does not so appear, the want cannot be supplied by any statement in the petition for removal, or in the subsequent pleadings." Tennessee v. Union Bank, 152 U. S., 454; Chappell v. Waterworth, 155 U. S., 102; Postal Telegraph Cable Co. v. Alabama, 155 U. S., 482; Land Co. v. Brown, 155 U. S., 488; Caples v. Railway, 67 Fed. Rep., 9.

In this case, it does not appear from the allegations in appellee's (plaintiff's) petition that the Texas and Pacific Railway Company was chartered by an Act of Congress, or that either party claims any right under the constitution or laws of the United States—the averment as to the railway company being only that it is "a corporation duly chartered by law, and which owns and operates a line of railway for the transportation of freight and passengers through the county of Tarrant, and has a local agent in said county and the city of Fort Worth."

In the last case noted, which involves precisely the point under consideration, Mr. Justice Maxey, under authority of the decisions of the Supreme Court cited, held that the defendant was not entitled to a removal, and remanded the case to the State court. We have no doubt of the correctness of his holding, and take it as conclusive against this assignment.

It conclusively appearing from the uncontradicted evidence adduced upon the trial that the defect in the sidewalk causing appellee's injury

was not at a point where any track of the appellant's road crossed the street, but, on the contrary, that the place where the accident occurred was at least forty feet from the nearest track, and on no part of the ground used by the company as a road-bed, we are of the opinion that it was error to submit as an issue upon which plaintiff might recover the question as to whether the injury occurred at the intersection or crossing of the track or tracks of appellant's railway with a public street of the city of Fort Worth. An issue must be made by the evidence as well as the pleadings to authorize its submission to the jury. And where there is no testimony tending to support an allegation upon which a party seeks to recover judgment, but the undisputed evidence demonstrates that such allegation is not true, a charge which authorizes a jury to find that such allegation is proven is palpably erroneous. Railway v. Click, 23 S. W. Rep., 833; Railway v. Tierney, 72 Texas, 312, 12 S. W. Rep., 586; Willis v. Whitsitt, 67 Texas, 676.

The defect in the sidewalk not being where the railroad crosses the street, the question as to whether it is the duty of a railway company which constructs its road across a street of a city to place and keep the crossing in repair, in the absence of an ordinance requiring it, is not involved in this suit and will not be considered.

If, as alleged by the plaintiff, the ditch was dug by the railway company or under its authority across a public street for the purpose of conveying water from its yards, and the sidewalk on such street where it was crossed by the ditch became, on account of the ditch being there, unsafe by reason of the negligent failure of the company to keep it in repair, it would be liable to one who, in the exercise of ordinary care, was injured by reason of such unsafe condition of the sidewalk at the place where the ditch was constructed. Ware v. Shafer, 27 S. W. Rep., 764; Wood on Nuisance (3d ed.), sec. 274. Under the allegation involving the principles stated, it would make no difference whether the defect in the sidewalk was at a point where the railroad crossed the street or not, and the failure to prove an averment that it was at such crossing would not involve a variance. Railway v. Gillum, 30 S. W. Rep., 697. Therefore we conclude it was not error for the court to submit the question of appellant's liability to the jury upon the theory made by the pleadings and evidence that it had constructed the ditch for its own purposes and negligently failed to keep the street in repair at the point where it was interseceted by it.

As the judgment in favor of the city of Fort Worth is not complained of by either party, it will be affirmed; but on account of the court submitting an issue not made by the evidence, upon which the jury might have found their verdict, the judgment against the appellant will be reversed and the cause remanded.

*Reversed and remanded.*

Delivered December 4, 1895.