MILDRED GREER v. TEXAS & PACIFIC RAILWAY COMPANY.

Delivered November 6, 1897.

**Removal of Cause to Federal Court—Federal Corporation.**

An allegation in the petition in a State court, that plaintiff is a resident of the county and that defendant is a corporation created and existing under the laws of the State, will not prevent a removal of the cause to the Federal court on a petition alleging that defendant is a Federal corporation, incorporated under the acts of Congress, and that the suit is one arising under the laws of the United States.

APPEAL from Marion. Tried below before Hon. J. M. TALBOT.

*L. S. Schluter* and *J. H. Culberson*, for appellant.—1. The suit filed by the plaintiff in the State court, May 10, 1893, was not one which could be removed to the United States Circuit Court, and the improper removal thereof did not divest such State court of its jurisdiction over the case, nor confer jurisdiction upon such United States court. Railway v. Hightower, 33 S. W. Rep., 541; Railway v. Caples, 36 S. W. Rep., 516; Barrow v. Hunton, 99 U. S., 80; Kaiser v. Railway, 2 McCrary (U. S.), 187; Ins. Co. v. Francis, 52 Miss., 457; 20 Am. and Eng. Encyc. of Law, 1013, 1014; Railway v. Ramsey, 22 Wall. (U. S.), 322; Cable Co. v. Alabama, 155 U. S., 487; Tennessee v. Bank, 152 U. S., 461.

2. Under the Acts of March 3, 1887, and August 13, 1888, a case not depending on the citizenship of the parties, or otherwise specially provided for, can not be removed from a State court into the Circuit Court of the United States, as one arising under the Constitution, laws, and treaties of the United States, unless that appears by the plaintiff's statement of his own claim; and if it does not so appear, the want can not be supplied by any statement in the petition for removal, or subsequent pleadings. Railway v. Hightower, 33 S. W. Rep., 541, and cases cited above.

3. The jurisdiction of the State court having never been lost or vacated, it was only suspended by the order of removal, and plaintiff had the right to refile the cause in such State court at the time she did, February 3, 1896, after the overruling of her motion for new trial January 30, 1896, and her motion in arrest of judgment. Barrow v. Hunton, 99 U. S., 80; Ins. Co. v. Francis, 24 Am. Rep., 674.

*W. T. Armistead*, for appellee.—1. Under the Acts of March 3, 1887, and August 13, 1888, a case not depending on diverse citizenship, or otherwise specially provided for, is properly removed from a State court into the Circuit Court of the United States to be tried and decided there, whenever the defendant is in fact a corporation organized under and by virtue of acts of Congress, and that fact is disclosed in a petition for a removal, although the plaintiff fails to state that fact in his original petition or makes a false allegation with respect to its incorporation by Federal authority. Railway v. Cody, 166 U. S., 606; Railway v. Barrett, 166 U. S., 617.

2. The Federal court acquired jurisdiction of the plaintiff's original suit by virtue of the defendant's petition and bond for removal, and the order of the State court removing the said cause, and its judgment was final and conclusive between the parties, and was a legal bar to the plaintiff's cause of action as set forth in her petition brought for the second time in the State Court upon the same matters. Durham v. Ins. Co., 46 Texas, 186; Railway v. McAlister, 59 Texas, 356; Railway v. Harrison, 73 Texas, 106; Railway v. Bloom, 85 Texas, 283.

3. A judgment rendered by a court with jurisdiction of the parties and subject matter is valid and binding forever between the parties thereto, and a perpetual bar to each other to again litigate the same subject matter. Nichols v. Dibbrell, 61 Texas, 539; Caldwell v. Taggart, 4 Peters, 190.

BOOKHOUT, ASSOCIATE JUSTICE.—Appellant filed this suit in the District Court of Marion County, Texas, on February 3, 1896, for damages for personal injuries alleged to have been sustained by her by reason of an improper ground wire not conducting the electric current from the battery to the ground,—she being a telegraph operator at the time for the defendant company in its office at Woodlawn, Texas.

The defendant filed its plea in bar, in which it set up a final judgment

of the United States Circuit Court for the Eastern District of Texas, rendered between the same parties, and alleged it was for the same cause of action. By consent of the parties the plea in bar was submitted to the court on the law and evidence, and the court rendered its judgment sustaining the plea in bar, and dismissed the cause, from which judgment the plaintiff has appealed to this court.

Appellant submits but one assignment of error, to wit: "The court erred in sustaining the defendant's plea in bar and dismissing the plaintiff's suit and adjudging the plaintiff take nothing by her suit, and that defendant go hence without day and recover its costs against plaintiff; because the judgment pleaded by the defendant in bar of this suit is and was void and rendered by a court which had not the jurisdiction to hear and determine the matters involved therein."

Plaintiff filed her suit to recover damages against the defendant for the same cause of action set out herein in the District Court of Marion County, on May 10, 1893. In her petition in that suit she alleged that she was a resident and citizen of Harrison County, Texas, and that defendant was a corporation created and existing under and by virtue of the laws of the State of Texas. There was no denial of this allegation in the pleading; but at the first term of court, after being served with citation, and before answer was filed, the defendant company presented its petition and bond in the usual form praying for an order to remove the cause to the United States Circuit Court for the Eastern District of Texas. The petition alleged that the defendant company was a Federal corporation, incorporated under the Acts of the Congress of the United States, and that it was a suit arising under the laws of the United States constituting the charter under which it was incorporated, and setting out specifically the several Acts of Congress constituting its charter. Upon the hearing of the petition an order was made removing the cause to the United States Circuit Court, as prayed for. The record was duly filed in said Circuit Court. There was no motion made by appellant to remand the case. A trial was had in said court, resulting in a verdict and judgment for plaintiff for $5000. Upon motion by defendant this judgment was set aside and a new trial granted. A second trial resulted in a mistrial. A third trial was had, which resulted in a verdict for defendant, upon which a final judgment was rendered for defendant on September 25, 1895. Thereupon the plaintiff filed her motion in arrest of judgment, and also a motion for a new trial, in both of which motions she set up, among other things, that the Circuit Court of the United States had no jurisdiction to hear and determine said cause. That the cause had been improperly, wrongfully, and illegally removed from the State court; that the cause was not one which could be removed, because by the plaintiff's petition she was shown to be a resident citizen of Harrison County, Texas, and the defendant a corporation created and existing under and by virtue of the laws of the State of Texas. The motion in arrest of judgment concluded with a prayer that judgment be arrested and the cause remanded to the State court. Both motions were overruled

by the court. The plaintiff did not appeal or apply for a writ of error to have the judgment reviewed by the Circuit Court of Appeals.

The contention of appellant is, that because the petition in her first suit alleged that "the defendant was a corporation created and existing under and by virtue of the laws of the State of Texas," the District Court of Marion County was without authority to make an order transferring the cause to the United States Circuit Court. That the court could only look to the allegations in her petition to determine how the corporation was created, and that as the petition showed that the defendant was a State, and not a Federal corporation, the court was without authority to make the order transferring the cause, and that said order and the judgment of the Circuit Court pleaded in bar, were both void.

The appellant in support of her contention relies upon the decision of the Supreme Court of the United States in the case of Tennessee v. Bank, 152 U. S., 454. In that case it was held that under the Act of Congress of August, 1888, C. 866, the Circuit Court of the United States has no jurisdiction, either orginal or by removal from a State court, of a suit as one arising under the Constitution, laws, or treaties of the United States, unless that appears by the plaintiff's statement of his own claim. This was the only question decided in that case. This decision was approved by later cases decided by the same court. In the cases of Chappell v. Waterworth, 155 U. S., 102, and Cable Company v. Alabama, 155 U. S., 482, after approving the doctrine announced in the case of Tennessee v. Bank, above, the court further held, that where the plaintiff's pleading failed to show that the cause arose under the Constitution, laws, or treaties of the United States, that this omission or failure could not be set up in the petition for removal or subsequent proceedings so as to confer jurisdiction upon the Circuit Courts of the United States.

The question again came before the United States Supreme Court in the case of Railway v. Skottowe, 162 U. S., 492, and that court again followed the rule laid down in the Tennessee v. Bank case.

These decisions were not only rendered by the highest court in the land, but were upon a question the final determination of which was within the special province of that court. The rule as laid down in the above decisions has been followed by the courts of this State. Railway v. Hightower, 33 S. W. Rep., 541; Railway v. Caples, 36 S. W. Rep., 516, 67 Fed. Rep., 9.

Since these decisions were rendered the question came up again before the Supreme Court of the United States upon a writ of error from the Fifth Circuit in the case of Railway v. Cody, 166 U. S., 606. In that case, Henry D. Cody brought suit against the Texas & Pacific Railway Company in the District Court of Tarrant County to recover damages for personal injuries caused by the negligence of defendant railway company. The petition alleged that the defendant was "a private corporation created and existing under the laws of the State of Texas." The defendant filed its petition for removal in due time, alleging that the plaintiff Cody was at the time of filing his petition, and still is, a resi-

dent and citizen of Tarrant County, Texas, and that defendant was at the time of instituting said suit, and still is, a corporation organized under and by virtue of certain Acts of Congress of the United States, setting up the several acts. Bond was tendered and approved, and upon this petition and bond the case was removed to the United States Circuit Court. The cause went to trial in said Circuit Court, and resulted in a verdict and judgment for plaintiff. The case was appealed to the Circuit Court of Appeals for the Fifth Circuit, and the judgment there affirmed. It was then taken upon writ of error by defendant to the Supreme Court of the United States. The railway company raised the question of the jurisdiction of the Federal courts to try said cause. In considering the question of jurisdiction, the court, after reviewing the former decisions of that court above referred to, held that the case was properly removed and the Circuit Court had jurisdiction of the cause, and affirmed the judgment.

The same ruling was made in the case of Railway v. Barrett, 166 U. S., 716.

The decisions in the last two cases were rendered on April 19, 1897, and are the last announcement by the Supreme Court upon this question. The question is one to be finally determined by that court. In view of this fact, the decision of that court upon this question will be followed by this court. The appellee corporation in the case now before us was the defendant in the Cody and Barrett cases. The same matters were set up by defendant to remove the plaintiff's first suit to the Circuit Court of the United States as were set up in the Cody and Barrett cases.

The judgment rendered in favor of the defendant railway company and against the plaintiff in the Circuit Court of the United States for the Eastern District of Texas, and pleaded by defendant in bar, was a valid judgment, and the trial court did not err in holding that the same was a bar to this suit.

The judgment of the court below is affirmed.

*Affirmed.*