J. F. YATES ET AL. v. D. B. BUTTRELL.

Decided December 22, 1910.

**1.—Vendor and Purchaser—Executory Contract—Deed.**

Where a written agreement for the purchase and sale of land is followed by an executed conveyance of title, the latter alone is to be considered as fixing the terms of the transaction, in the absence of any issue as to fraud or mistake therein.

**2.—Deed—Recital—Assumption of Encumbrance.**

The recital in a deed that the vendee had assumed the payment of an indebtedness against the land as a part of the consideration for conveyance thereof, was a contractual one, and not subject to be varied or contradicted by parol evidence, as would be the recital of a cash consideration.

**3.—Same—Note—Interest—Case Stated.**

A conveyance of land recited the assumption by the purchaser, as part of the consideration, of an outstanding purchase money note and lien, naming the amount of principal for which it was given, the parties, and date, and retaining a vendors' lien "until the above described note, and all interest thereon, are fully paid according to its face, tenor and effect." Interest to the amount of $640 had accrued and was unpaid at that time. Held, that the deed evidenced,

unambiguously, an assumption by the vendee of the payment both of the principal and of the accrued interest on such note, and that he could not show that such interest was not assumed, without allegation of fraud or mistake.

### 4.—Deed—Deficiency in Amount.

A conveyance by metes and bounds of land described as containing "575.43 acres, more or less," is construed to mean that the parties intended to risk a gain or loss in the quantity stated, in the absence of plea of fraud or mistake. But allegations that the vendors represented that the land had been frequently surveyed, that they knew it to contain that quantity, and that the purchaser, in reliance thereon, paid them for such quantity at a named price per acre, there being 39.43 acres less, were sufficient to entitle him, on proof, to recover for the shortage.

### 5.—Evidence—Sale by Acre.

On the question whether a sale and conveyance of land was by the acre, or in gross, the vendee seeking to recover for deficiency, the executory contract for sale is admissible to show the intent of the parties, though it was followed by conveyance.

Appeal from the District Court of Tarrant County. Tried below before Hon. Jas. W. Swayne.

*Orrick & Terrell* and *Scott & McLean,* for appellants.—The deed, provided in terms for the assumption of the $8000 note and *interest,* and no attack was made upon the recitals therein except that the deed did not correspond with the contract. Bain v. McGregor, 45 S. W., 925.

*A. J. Clendenen,* for appellee.—The court did not err in submitting to the jury the issue of whether or not the sale of the land in question was a sale in gross, because both the pleadings and the evidence authorized its submission. Farris v. Gilder, 115 S. W., 647; W. C. Piano & Organ Co. v. Anderson, 45 Texas Civ. App., 513; O'Connell v. Duke, 29 Texas, 119; Smith v. Kinnard, 10 Texas, 512.

WILLSON, CHIEF JUSTICE.—By a contract in writing dated December 17, 1907, appellants, J. F. Yates and Mike Ditto, in consideration of $25,000 to be paid by Buttrell & Sons, sold to said Buttrell & Sons a tract of land described as 573 acres known as the S. C. Henderson farm. In payment of the $25,000 Buttrell & Sons, by the terms of the contract, were to assume and pay as their own a debt secured by a lien on the land, for the payment of which Yates and Ditto had become liable, amounting, it was recited in the contract, to the sum of $8000; were to convey to Yates and Ditto a house and lot valued at $6000; and were to convey to them merchandise of the value of $11,000. By a deed containing covenants of general warranty, dated December 18, 1907, Yates and Ditto conveyed said land to appellee D. B. Buttrell, describing it as consisting of two tracts—one as containing 523.43 acres, more or less, and the other as containing 50 acres, more or less, and the two tracts as containing together 573.43 acres, more or less. Each of the two tracts was further particularly described by its metes and bounds. The consideration for the conveyance, as same was recited in the deed,

was the payment by appellee to Yates and Ditto of $17,000, and "the assumption of final payment by the said D. B. Buttrell of one certain promissory note for the sum of $8000 executed by C. T. Hodges and wife in favor of the Alliance Trust Company, Limited, on the 20th of April, 1906, which said note is secured by a deed of trust executed on said date by C. T. Hodges and wife in favor of Thos. D. Ross, trustee for the Alliance Trust Company, Limited, which above described note was assumed by Mike Ditto and J. F. Yates on September 30, 1907, said deed of trust constituting a lien on the land herein conveyed." In the deed was a recital that the vendor's lien had been retained "until the above described note, and all interest thereon, are fully paid according to its face, tenor and effect." At the date of the deed, interest at the rate of 8 per cent per annum from January 1, 1907, had been accruing on the $8000 note, so that same then amounted, principal and interest, to about the sum of $8616.60. After paying to the owner of the note $8000 as the principal thereof and the excess above that sum due thereon as interest, appelleee brought this suit to recover such excess of Yates and Ditto. He also sought a recovery on account of an alleged deficiency of 39.43 acres in the quantity of the land conveyed to him, and damages for fraud and deceit which he alleged Yates and Ditto had practiced upon him in representing to him that the land was not subject to overflow by waters of streams on which it was situated. In accordance with a verdict of a jury a judgment was rendered in his favor against Yates and Ditto for the sum of $640 as the interest which had accrued on the $8000 note at the time the transaction between him and Yates and Ditto was concluded, and for the further sum of $1000 on account of a difference the jury found to exist between the number of acres the deed purported to convey and the number it actually did convey.

Appellants insist that the judgment is erroneous in so far as it is for a recovery against them of the $640 paid by appellee as interest on the $8000 note. We agree that the contention must be sustained. If the contract of sale should be looked to alone as evidencing the terms of the agreement betweeen the parties, Buttrell & Sons became bound to pay only the sum of $8000 charged against the land, and did not become bound to pay any sum in excess of that, which, as interest accrued thereon, had become also a charge against the land. If the contract of sale and the deed should be construed as one instrument, together evidencing the agreement, as the trial court seems to have regarded them, the intent of the parties would appear to be so doubtful as to present a question for the jury, and as to render other evidence than that furnished by the language of the instruments admissible for the purpose of showing such intent. But in determining the terms of the agreement, so far as appellee's undertaking in regard to the indebtedness against the land was concerned, we do not think it was permissible to look to the contract of sale at all. The parties, by reference thereto in the deed, did not treat the stipulations in the contract of sale as a part of, or as intended by them in any way to affect their agreement as evidenced by

the deed. Notwithstanding, by the contract of sale, appellee had bound himself to pay only $8000 of the indebtedness against the land, he had a right afterwards to bind himself by an undertaking to pay other indebtedness against it. Whether he did so or not, in the absence of pleadings by him setting up fraud or mistake, should have been determined by a reference alone to the language of the deed, if same was unambiguous with respect to such undertaking. For the recital in the deed that he had assumed the payment of an indebtedness against the land as a part of the consideration for the conveyance thereof to him was a contractual one, and, therefore, was not subject to be varied or contradicted, as would have been a recital as to the payment of a cash consideration. Walter v. Dearing, 65 S. W., 380; Cage v. Perry, 38 S. W., 544. We think the language of the deed with respect to such undertaking by him was unambiguous, and, therefore, that it was the duty of the court to construe its meaning. It evidenced an undertaking on the part of appellee to pay not only the sum of eight thousand dollars representing the principal of the note, but in addition thereto to pay all interest which, by the terms of the note, had accrued on that sum. His undertaking was to pay *the note.* The interest which, by the terms thereof, had accrued, was as much a part of the note as was the principal sum itself. This being, we think, the effect which should be given to the language of the deed, appellee, without alleging and proving either mistake or fraud as a ground for it, was not entitled to be heard to say that his undertaking was otherwise than to pay the note according to its face and tenor. As he did not allege that the stipulation in the deed on account of either fraud or mistake, was stated otherwise than by the agreement between himself and the appellants it was to be, he was not entitled to relief on account thereof, and the court should have so instructed the jury.

Appellants further insist that the judgment rendered was erroneous, in so far as it was a recovery against them on account of a deficiency found by the jury to exist between the number of acres specified in the deed as thereby conveyed and the number of acres actually thereby conveyed. The quantity specified in the deed as thereby conveyed was "573.43 acres, *more or less.*" Such language in a deed, in the absence of an allegation and proof of fraud or mistake entitling a party to show to the contrary, should be construed to mean that the parties respectively intended to risk "a gain or loss" in the quantity as stated. Rich v. Ferguson, 45 Texas, 396; Watson v. Cline, 42 S. W., 1038. In his petition appellee alleged that appellants represented to him that the two tracts described in the deed were adjacent to each other and together contained 573.43 acres; that same had been frequently surveyed and within their knowledge contained that quantity. He further alleged that he relied upon the truth of such representations and paid appellants for that quantity at the rate of $44.71 per acre, when in fact there were 39.43 acres less than 573.43 acres in the two tracts conveyed to him. These allegations, we think, were sufficient to entitle appellee to show, notwithstanding the use in the deed of the words "more or less"

in stating the quantity thereby conveyed, that the conveyance to him was of a less quantity of land than by the agreement between him and appellants was to be conveyed to him for the consideration paid by him. Franco-Texan Land Co. v. Simpson, 1 Texas Civ. App., 600, 20 S. W., 953; Sibley v. Hayes, 96 Texas, 84; Hatch v. De la Garza, 7 Texas, 60. In view of the fact that the cause is to be remanded for a new trial, we will not discuss the testimony relied upon to support the allegations referred to, further than to say that we do not think the court erred in submitting to the jury the issue made by the pleadings as to a deficiency in quantity of the land conveyed by the deed.    We are of the opinion that the assignments attacking the judgment as erroneous in the particular specified in this paragraph should be overruled, as should also the assignment complaining of the action of the court in admitting as evidence in the case the contract of sale entered into between the parties. Said contract, we think, was admissible as evidence on the issue made by the pleadings as to a deficiency in quantity of the land afterwards conveyed by the deed.

The judgment is reversed and the cause is remanded for a new trial.

*Reversed and remanded.*