## SUMMIT PLACE CO. v. TERRELL.
### (No. 5978.)

(Court of Civil Appeals of Texas. San Antonio. March 13, 1918. Rehearing Denied May 29, 1918.)

1. APPEAL AND ERROR ☞907(5)—REVIEW—FINDING OF FACT.

The Court of Civil Appeals cannot reverse the trial court's finding of fact as to the extent of a lot, where such question can be determined only by a map, which the trial court examined, and which is not presented in the record.

2. EXCHANGE OF PROPERTY ☞8(5)—MISREPRESENTATION AS TO SIZE OF LOT—DAMAGES.

Where, in an exchange of property, plaintiff paid $60 a foot for 16 feet of frontage that were not in the lot he received, a mistake caused by his reliance upon the statement of an officer of the company with which he dealt, the measure of plaintiff's damage is the difference between the value of what he parted with and the value of what he received.

3. EXCHANGE OF PROPERTY ☞8(4) — FALSE REPRESENTATION—EVIDENCE.

Evidence held to sustain finding that plaintiff, who exchanged property with defendant company, was induced, by the false representations of the company's officer, on which he relied, to pay $60 a foot for 16 feet of frontage that did not exist in the lot he received.

Error from District Court, Bexar County; W. F. Ezell, Judge.

Suit by M. W. Terrell against the Summit Place Company. To review judgment for plaintiff, defendant brings error. Affirmed.

McAskill, Simmang & Mauermann and Leonard Brown, all of San Antonio, for plaintiff in error. John Turner and Barrett & Barrett, all of San Antonio, for defendant in error.

SWEARINGEN, J. M. W. Terrell, the defendant in error, brought suit against the Summit Place Company, plaintiff in error, to recover $960, with 6 per cent. interest, alleged to have been the excess paid for a lot 114 feet wide, which Mr. Terrell afterwards discovered was only 98 feet wide. The price paid was $60 a front foot. The shortage was 16 feet. The cause was submitted to the court without a jury. Judgment was rendered in favor of defendant in error, M. W. Terrell, for the amount sued for.

Defendant in error alleged in his second amended petition that he purchased lot 7 from the Summit Place Company and paid therefor the sum of $60 a front foot; that the president of the company, Mr. Ed. Roos, knew the number of front feet in the lot was 98, but told defendant in error the number was 114; that defendant did not know the number of front feet in the lot, and relied upon the statement of Mr. Roos. Subsequently the mistake was discovered by defendant in error, and he demanded the sum, $960, with interest, from plaintiff in error, which demand was refused. Plaintiff in error answered by general and special exceptions and general denial.

There is evidence to support the findings of fact made by the trial court, or at least no evidence in the statement of facts to contradict the court's findings; therefore we adopt as our findings of fact the following:

"(1) That on or about August 11, 1913, the Summit Place Company, a corporation by and under the laws of Texas, made an exchange of property with M. W. Terrell, and as part consideration for his property agreed to convey him lot 6 in block 7, on the southwest corner of the intersection of Howard street and Queensborough court, in San Antonio, Bexar county, Tex.

"(2) That said lot 6 was put in said trade at an agreed valuation of $60 per front foot, and that the Summit Place Company, through its president, Ed. Roos, represented to M. W. Terrell that said lot had a frontage on Queensborough court of 114 feet.

"(3) That on or about August 11, 1913, the Summit Place Company executed a deed to M. W. Terrell to said lot 6, and that he settled with them therefor, at the agreed valuation of $60 per front foot, for 114 feet.

"(4) That said lot actually has a frontage on said street of only 98 feet, and that said fact was known to the said Ed. Roos, president of said Summit Place Company, at the time he made said representations.

"(5) That at the time of the settlement the said M. W. Terrell did not know that said lot only had a frontage of 98 feet, or that it was claimed that the sidewalk and parking was a part of said lot, but believed that it had a frontage of 114 feet as represented.

"(6) That said M. W. Terrell was secretary of said Summit Place Company in 1908, but that he was only a nominal stockholder, and had nothing to do with the laying out and platting of said addition, or with the sale of the property, except, as secretary of said company, to attest the corporate seal and acknowledge the dedication thereof, and sign a few deeds."

"(8) That directly east of and adjoining said lot is a sidewalk 4 feet wide, and adjoining the sidewalk on the east is a parking 12 feet wide, and that a map showing this has been duly recorded in the deed and plat records of Bexar county, Tex., and that a correct copy of that part of said plat, showing said lot 6 and adjoining sidewalk, parking, and street, together with a copy of the instrument dedicating said property, as shown by said map of record, are hereto attached, marked Exhibits A and B, and made a part hereof.

"(9) That said sidewalk and parking form no part of said lot 6.

"(10) That plaintiff has been damaged by said false representations in the sum of $960, the agreed valuation per front foot for the 16 feet shortage in the width of said lot, with interest thereon from August 11, 1913, at 6 per cent."

By the first and second assignments it is insisted that lot 6 was 114 feet wide, and not 98 feet wide. By the fourth paragraph of its findings of fact the trial court found that lot 6 was only 98 feet wide. The width of the lot is not expressed in the description of the deed given in the record, but the width of the lot must appear upon a plat or map to which reference is made for certainty of description by the deed from Summit Place Company to M. W. Terrell. The court refers to this map as attached to the findings of fact marked Exhibit A. No map of any kind is found in the transcript or in statement of facts. In the briefs for both parties frequent reference is made to a map. From

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

the record before us we are forced to conclude that there was a map before the trial court, and that from the map the trial court found that lot 6 had only 98 feet front, as testified to by Mr. Terrell. Nelson v. Lamm, 147 S. W. 667, § 2.

[1] The contention of the Summit Place Company seems to be that the deed and map together show that the lot is 114 feet wide, because the map shows that the lot takes in the sidewalk and parkway. Whether the lot extends to the sidewalk only, or extends beyond the sidewalk and the parkway to the street, is a question of fact, and could, it occurs to us, be determined only by the map. The trial court examined the map, and determined that the lot was only 98 feet wide. No map has been presented in the record to us; hence we are unable to reverse this finding of fact of the trial court. The first and second assignments are overruled.

The third assignment is that the court erred in holding that there was evidence that plaintiff in error fraudulently represented to defendant in error that there was 114 feet across the front of lot 6, exclusive of the public sidewalk and private parking. The court found that there were only 98 feet across the front of lot 6, but that Mr. Roos, president of the plaintiff in error company, told Mr. Terrell the front of the lot was 114 feet, and further found that the price agreed upon and paid was $60 for each and every foot of frontage. The total amount paid by M. W. Terrell included, by mistake on the part of Mr. Terrell, $60 a foot for 16 feet that were not in the lot. This mistake by Mr. Terrell was caused by his reliance upon the statement by Mr. Roos that the lot contained 114 feet. At the time it was well known to Mr. Roos that the lot only contained 98 feet.

[2] The measure of Mr. Terrell's damage is, as expressed in the case of George v. Hesse, 100 Tex. 44, 93 S. W. 107, 8 L. R. A. (N. S.) 804, 123 Am. St. Rep. 772, as follows:

"Clearly we think the extent of his loss is the difference between the value of that which he has parted with and the value of that which he has received under the agreement."

Under the judgment of the court, sustained by the evidence, Mr. Terrell parted with $60 a foot for 114 feet, or $6,840, whereas the value of that received, according to the judgment of the trial court, was $5,880. The difference is, of course, $960, the amount for which the judgment was rendered.

[3] The deed could have conveyed title in fee to the land, even though burdened with an easement in the public; and the agreement could have been that Mr. Terrell purchased the specific lot for an aggregate price. But the trial court has found that the agreement was to buy a certain number of feet front at an agreed price per foot, and the trial court has further found, as a fact, that there were only 98 feet purchased, and that the price paid for the 16 feet that did not exist was procured to be paid by the false representation of Mr. Roos, upon which Mr. Terrell relied.

Under the law announced in the George-Hesse Case, supra, and the facts found by the court and sustained by the evidence, we are of the opinion that the third assignment should be overruled. Brown v. Yoakum, 170 S. W. 803; O'Connell v. Duke, 29 Tex. 300, 94 Am. Dec. 282; Moore v. Hazelwood, 67 Tex. 624, 4 S. W. 215; Wheeler v. Boyd, 69 Tex. 293, 6 S. W. 614; Culbertson v. Blanchard, 79 Tex. 486, 15 S. W. 700; Lancaster v. Richardson, 13 Tex. Civ. App. 682, 35 S. W. 749; Wuest v. Moehrig, 24 Tex. Civ. App. 124, 57 S. W. 864; Barnes v. Lightfoot, 26 Tex. Civ. App. 113, 62 S. W. 564; Yates v. Buttrill, 132 S. W. 831; Id., 149 S. W. 347.

The judgment is affirmed.