## J. D. LASATER ET AL. v. J. H. VAN HOOK ET AL.

### No. 6361.

1. **Immaterial Issue—Common Source of Title.**—In trespass to try title where the parties claim under a common source of title a question as to a conveyance back of the common source is immaterial and an erroneous ruling upon it would be no ground for reversal.

2. **Variance.**—Petition alleged a lease to the defendants for the land sued for as follows: "That on the 1st day of June, 1882, the defendants * * * entered upon the premises herein sued for as tenants for the plaintiffs under written agreement of lease." The instrument began with the recitation, "this indenture made the first day of June, 1882, witnesseth." It then describes the land as an undivided interest of 160

acres in the 640-acre tract. It ends with the date "June 1st, 1883." *Held,* that the objection for variance was not well taken; that neither the date nor description constituted a variance from the allegation of lease, the suit being for 160 acres in the northeast corner of the 640 tract.

3. **Secondary Evidence—Examined Copy**—A witness producing a copy of a deed while testifying that it was a true copy showed his means of knowing it to be correct that he had compared it with a certified copy taken from a record of the deed. *Held,* that the paper offered was not shown to be an examined copy. The copy from the record was better evidence than that produced. The exclusion of the paper was proper.

4. **Bona Fide Purchaser.**—See facts showing a purchase of the land in controversy without notice of the adverse claim set up in defense.

5. **Title Acquired After Suit.**—See facts showing the acquisition of the legal title after suit held not to affect the superior title in the plaintiffs at the time their suit was filed.

APPEAL from Archer. Tried below before Hon. P. M. Stine.

The appellees J. H. Van Hook and V. A. Van Hook instituted this suit in the District Court of Archer County on the 5th day of October, 1886, against the appellants J. D. Lasater and T. M. Coulson, to recover of them 160 acres of land, described by metes and bounds, and being a divided part of a tract of 640 acres of land situated in Archer County, Texas, and granted to Matthew Pickens. The original petition contained the usual averments in trespass to try title. To this petition both defendants filed pleas of not guilty. In a supplemental petition filed August 29, 1887, the plaintiffs alleged that defendant Coulson had leased the land in controversy from them by contract dated 1st day of June, 1882, in which he was joined by one Hutchison; that by the terms of said contract said defendant was to hold possession as the tenant of plaintiffs (appellees); that said lease had long since expired, but that he refused to return the possession of plaintiffs; by reason whereof said Coulson was estopped from denying plaintiff's title. To this appellant Coulson filed a supplemental answer denying such tenancy, etc. The cause was tried August 30, 1887, by the court without a jury, and judgment rendered for the appellees for the title to and possession of the land in controversy. Lasater and Coulson appeal. The facts are given in the opinion.

*F. E. Dycus* and *L. W. Hart,* for appellants. —1. In trespass to try title the burden of proof is on the plaintiff, and unless he shows a common source with defendants, or, in other words, that both parties claim under a common source, he must show a grant from the State and connect himself with it. Kinsey v. Vinson, 32 Texas, 125; Hughes v. Lane, 6 Texas, 289.

2. The certificate of authentication to a deed where the same has been proved for record by a witness and is offered in evidence under the statute as a recorded instrument must show that the witness was known to the officer before whom the proof was made. Rev. Stats., arts. 4315, 4316;

Huff v. Webb, 64 Texas, 284; McDaniel v. Needham, 61 Texas, 269; Buell v. Irwin, 24 Mich., 152.

3. Where there is clearly a variance between the written instrument pleaded and the written instrument offered in evidence the variance is fatal.

4. Where an original deed is shown by the testimony to have been lost or destroyed, and that diligent search has been made for it and that it could not be found, an examined or certified copy of said original is admissible in evidence. Parks v. Caudle, 58 Texas, 216; Land Co. v. Williams, 51 Texas, 51; White v. Burney, 27 Texas, 50.

5. Where one is in possession of land, claiming under a lost or destroyed deed, and has for a long period of time exercised acts of ownership over it, strict proof will not be required to establish its former existence, loss, and contents. Mills v. Herndon, 60 Texas, 353; Johnson v. Shaw, 41 Texas, 434; Watrous v. McGrew, 16 Texas, 506; Berry v. Jourden, 11 Rich. S. C. L., 67; Lewis v. Baird, 3 McLean, 56.

6. If a plaintiff in the action of trespass to try title undertakes to show a common source of title he must do so by filing certified copies of defendant's title papers, and the fact can not be shown by instruments offered in evidence by defendants. Rev. Stats., art. 4802.

7. A contract for the sale of land, where the purchase price is paid, confers on the vendee full title. Gainer v. Cotton, 49 Texas, 101.

*Arnold & Glasgow* and *Rector, Thomson & Rector*, for appellees, cited Sellman v. Hardin, 58 Texas, 86; Tapp v. Corey, 64 Texas, 594; Shipman v. Fulcrod, 42 Texas, 248; Wiebush v. Taylor, 64 Texas, 53; Dignan v. Shields, 51 Texas, 322; Clayton v. McKinnon, 54 Texas, 206; Vandergriff v. Piercy, 59 Texas, 371; Uhl v. Musquez, 1 U. C., 650; Broxon v. McDougal, 63 Texas, 193; Wimberly v. Pabst, 55 Texas, 587; Hill v. Moore, 62 Texas, 610.

ACKER, PRESIDING JUDGE.—J. H. Van Hook and V. A. Van Hook, his wife, brought this suit October 5, 1886, against J. D. Lasater and T. M. Coulson in trespass to try title to 160 acres of land out of the northeast corner of the Matthew Pickens 640-acre survey.

Both defendants answered by plea of not guilty. By supplemental petition, filed August 29, 1887, plaintiffs alleged that on the 1st day of June, 1882, defendant Coulson, joined by W. B. Hutchison, entered upon the land sued for as tenants of plaintiffs under a written agreement of lease, by the terms of which Coulson and Hutchison agreed to pay plaintiffs $9.60 per annum rent therefor for a term of five years; that the term of said lease had expired, and Coulson refuses to pay the rent or return the premises to plaintiffs; that by reason of Coulson having entered on said

premises as tenant of plaintiffs and his failure to return the possession at the expiration of the lease he is estopped from denying plaintiffs' title.

Defendant Coulson by supplemental answer denied tenancy under plaintiffs as alleged in the supplemental petition.

The trial without a jury resulted in judgment for plaintiffs for the land, and the defendants appealed.

Both plaintiffs and defendant Coulson claim under Sarah J. Bullion, the plaintiffs by the following chain:

1.   Deed from V. T. Pickens, surviving wife of Matthew Pickens, for the land described in the petition, dated January 23, 1871.

2.   Deed from Sarah J. Bullion and M. D. Bullion, her husband, to J. S. M. Davis, dated January 11, 1872.

3.   Deed from J. S. M. Davis to John M. Crockett, dated August 7, 1872.

4.   Deed from John M. Crockett to Jennie A. Sedberry (now V. A. Van Hook, wife of J. H. Van Hook, and one of plaintiffs), dated January 28, 1874.

All of the foregoing deeds were filed for record July 28, 1886.

The defendant Lasater testified that he only claimed 480 acres of the Pickens 640-acre survey, which does not conflict with the locative interest of 160 acres held by the assignees of Sarah J. Bullion; that he had always recognized the Bullion title to 160 acres as being good; that he bought the original certificate from V. T. Pickens, surviving wife of Matthew Pickens, on the 30th day of August, 1862, and that the certificate was located by M. D. Bullion for him for the consideration of one-fourth interest in the land, and that he afterwards deeded to Sarah J. Bullion, wife of M. D. Bullion, at his instance, the one-fourth locative interest in the land.

The defendants claim by the following chain:

1.   Deposition of J. M. Murphy that M. D. and Sarah J. Bullion and D. Connelly executed to him a deed of trust on the 8th day of February, 1871, on lands in Archer, Jack, and Denton counties, including 160 acres of the Matthew Pickens survey, to secure an indebtedness of Bullion and Donnelly to him; that he attached a copy of the deed of trust to his deposition; that he brought suit on said indebtedness in 1872, and to foreclose the deed of trust against the Bullions and Donnelly, but the suit was not prosecuted to judgment; that on September 12, 1874, he entered into an agreement with Bullion and Donnelly that he would accept from them in payment of their indebtedness certain lands, including 160 acres of the Matthew Pickens survey, at prices agreed upon, the credits to be entered on the indebtedness as Bullion and Donnelly should obtain patents and convey the respective pieces of land to him, and that his suit on said indebtedness should stand continued until they obtained patents and executed conveyances for the land; that no conveyance had ever been made to him for the 160 acres of the Pickens survey.

2. What purported to be a copy of a deed of trust from M. D. and Sarah J. Bullion and D. Connelly to James M. Murphy, was attached to Murphy's deposition, and was objected to by plaintiffs on the ground that it was not the best evidence; that the evidence was insufficient to prove that the original was lost or that it was a true copy. The court sustained the objection.

3. The agreement entered into between Murphy and Bullion and Connelly on the 12th day of September, 1874.

4. Deed from James M. Murphy to T. M. Coulson for an undivided 160 acres of the Matthew Pickens 640-acre survey, dated the 4th day of November, 1885.

5. Deed from defendant J. D. Lasater to defendant T. M. Coulson for 160 acres out of the northeast corner of the survey, dated March 7, 1887.

6. Testimony of J. D. Lasater already stated.

The first assignment of error is, "The court erred in not rendering judgment for appellants J. D. Lasater and T. M. Coulson, the appellees not having introduced any evidence to show the title to the land in controversy had passed out of the State of Texas, as shown by bill of exceptions No. 1."

It appears from bills of exception Nos. 1 and 2 that when plaintiffs offered in evidence the deed from V. T. Pickens to Sarah J. Bullion, defendants objected to its introduction, "because it became necessary for plaintiffs to introduce as a first link of title the patents or other evidence showing that the State had parted with its title;" and "because it did not appear from the certificate of authentication attached to said deed that the witness proving the same for record was known to the officer taking said proof." Sarah J. Bullion was common source of title as to plaintiffs and defendant Coulson, except as to the deed from his codefendant Lasater, executed after the suit was instituted, which could not prevail against the title of plaintiffs, of which defendant Coulson had notice and which his vendor and codefendant Lasater testified he had always recognized as valid. So as to defendant Coulson it was not necessary for the plaintiffs to prove title back of Sarah J. Bullion, and they might have omitted the introduction of the deed from V. T. Pickens to her.

It is true that defendant Lasater proved title from V. T. Pickens, surviving wife of Matthew Pickens, the original grantee, by transfer of the certificate to him; but he testified that he employed M. D. Bullion to locate the certificate for the consideration of one-fourth, or 160 acres of the land; that he only claimed 480 acres, and that there was no conflict between his and the Bullion claim; that he had always recognized the Bullion title to 160 acres as valid, and that at Bullion's request he conveyed the 160 acres to Mrs. Bullion.

From Lasater's testimony it is evident that his conveyance to his codefendant Coulson after this suit was brought conveyed no title superior

to plaintiffs' to the land sued for.    According to the testimony of Lasater he has no interest in this suit, and we can not understand why he is an appellant here.

We think it clearly appears that Coulson is the only party claiming as against the plaintiffs' title, and that as to him Sarah J. Bullion was common source, and the ruling of the court on the objection to the deed to her was immaterial.

The third assignment of error is, "The court erred in admitting in evidence over appellants' objection a lease to W. B. Hutchison and T. M. Coulson from V. A. Van Hook, because of a variance between said lease and the lease described in appellees' pleadings."

By supplemental petition plaintiffs alleged "that on the first day of June, 1882, the defendant T. M. Coulson, joined by W. B. Hutchison, entered upon the premises herein sued for as the tenants of plaintiffs under written agreement of lease," etc.

The contract of lease offered in evidence began with the recitation "This indenture made the 1st day of June, 1882, witnesseth;" then describes the land leased as an undivided interest of 160 acres. The instrument concludes with the date "June 1, 1883." We think the recitation of the lease that it was made on the 1st day of June, 1882, is not necessarily controlled by the date affixed at the conclusion of the instrument. In other words, we think it quite as evident from the instrument itself that it was made on the 1st day of June, 1882, as that it was made on the 1st day of June, 1883. At all events there was not such variance between the date of the instrument described in the pleadings and the date of the instrument offered in evidence as to surprise defendants or prejudice their rights. The land was described in the petition as 160 acres out of the northeast corner of the survey, while the land was described in the lease as an undivided interest of 160 acres, and the objection to the lease was urged upon the ground of this variance in description also.

The lease was introduced in evidence for the purpose of proving attornment by defendant Coulson to plaintiffs' title, and it was immaterial whether that title was for an undivided or specific 160 acres. If for an undivided interest, these plaintiffs as tenants in common would be entitled to recover the entire survey, except as against their cotenants. The variance in description of the land was immaterial. The lease was admissible to prove that defendant Coulson had notice of plaintiffs' claim and attorned to their title.

The fourth assignment of error is, "The court erred in entertaining appellees' objection to the admission in evidence of a copy of a trust deed from M. D. Bullion, Sarah J. Bullion, and D. Connelly to James M. Murphy, dated February 8, 1871, as shown by bill of exception No. 4."

It appears from bill of exception No. 4 that "the defendants offered in evidence the depositions of James M. Murphy to prove that an instrument

thereto attached was an examined copy of a trust deed made to said Murphy by M. D. and S. J. Bullion and D. Connelly, dated February 8, 1871, conveying the land in controversy; the said Murphy stating that he knew the same to be a true copy, because he drew the original deed and had compared the said copy with a certified copy made by the county clerk of Hunt County, where said deed had been recorded, and he had caused diligent search to be made for the original—that it was lost and could not be found; to which the plaintiffs objected, because the testimony was not the best evidence, was insufficient to prove that said original was lost, or that the instrument offered was a true copy.

It appears from the testimony of the witness offered to prove the copy that the original was of record in Hunt County, and that he compared the copy offered with a certified copy from the record.

We think that an examined copy can be proved only by proof of comparison with the original, and not by proof of comparison with some other copy. It appearing that the original had been recorded, if it was lost a certified copy from the record was certainly better evidence than a copy of such copy. We think the court did not err in excluding the instrument offered.

It appears from the evidence that the deed of trust from the Bullions and Donnelly to Murphy was never foreclosed or executed; that after suit was brought on it proceedings were suspended in 1874 upon Bullion and Connelly entering into an agreement to convey the land to Murphy when patent was obtained; but such conveyance was never made, and Murphy therefore, had no title to convey to Coulson. The deed of trust was never recorded in the county where the land is situated, nor was the agreement of 1874 between Murphy and M. D. Bullion and Donnelly ever recorded at all. There is no pretense that Davis had actual notice of the deed of trust or of the transactions between Murphy and M. D. Bullion and Donnelly at the time he purchased the land from Mrs. Bullion and her husband, January 11, 1872. The defendants had notice of plaintiffs' title and recognized it in the most unqualified manner until Coulson ceased to pay rent and repudiated the lease under which he went into possession of the land just before this suit was brought and until defendant Lasater executed the deed to Coulson after the suit was brought.

Without discussing the remaining assignments in detail, we deem it sufficient to say that after carefully considering the whole case we conclude that justice has been attained by the judgment of the court below, and we are of opinion that it should be affirmed.

*Affirmed.*

Adopted June 17, 1890.