Western Union Telegraph Company v. C. P. Hinkle.

No 200.

1. **Bill of Exceptions—Depositions.**—A bill of exceptions to the refusal of the court to suppress a deposition, on the ground that the officer taking it had failed to write his name across the seal, should show that some part of the deposition was read in evidence on the trial.

2. **Telegraph Company—Notice of Claim.**—Where a telegraphic message as delivered to the company for transmission was not accompanied by any condition requiring notice of claim for damages to be given within sixty days, the company can not impose such condition by virtue of its being contained in the printed form on which ths message is transcribed for delivery to the addressee.

3. **Variance—Allegata and Probata.**—In order to constitute a variance, a misdescription must tend to mislead and surprise the opposite party. and must exist in the pleading. If the evidence tends to prove the issue, its errors and imperfections will not exclude it.

4. **Same.**—Where a telegraphic message is set out in the pleadings, and the evidence shows but one message was sent, a discrepancy as to the date and verbiage does not constitute a variance. but the jury are to determine whether the message pleaded was proved in substance by the evidence.

Appeal from Wichita. Tried below before Hon. P. M. Stine.

*Stanley, Spoonts & Meek* and *Carrigan & Hughes*, for appellant.—1. This precise question has never been decided by the courts, but we insist that if a person receives a message on a printed blank, which notifies him that his claim for damages will be barred unless presented in sixty days after it was sent, that his acceptance of the message and suit thereon is an assent to the agreement contained thereon, and binding. As was said in Telegraph Company v. Edsall, 63 Texas, 668, sixty days is a reasonable time. It may be contended that the message sent did not contain any such stipulation; but we answer by saying, that the message received by plaintiff contained the sixty days limitation, and the party had notice of it and accepted it, and should be bound by it. The sending blanks and the receiving blanks both have, in effect, the same stipulation. If a party signs a contract, it is no less binding on him than on the party who accepts it and sues upon it. Plaintiff makes the written portion of the telegram the basis of the suit. Why, then, is not the printed portion as much a part of the contract as any of it? We conclude by parity of reasoning, that if a sixty days stipulation is binding when made a part of the sending message, it is no less so when contained in the message received and acted upon.

2. When a writing, which forms a basis of a cause of action, is set out in a petition in hæc verba, a variance in the evidence as to its date or language is fatal. Brown v. Martin, 19 Texas, 345; Mims v. Mitchell, 1

Texas, 443; Burnett v. Henderson, 21 Texas, 590; Hall v. Jackson, 3 Texas, 309; Paul v. Perez, 7 Texas, 345; Coles v. Kelsey, 2 Texas, 541; Denison v. League, 16 Texas, 408.

*Boyd & Ofiel*, *W. P. Skeen*, and *W. H. Bingham*, for appellee.—1. Carriers can not be allowed to change the law of the land, and can not create a condition of defeasance on a contract already entered into by their own act. The presumption is as strong in this case that the beneficiary intended to insist on his legal rights under the original contract as that he was willing to yield them to the wishes of the carrier. The requested charge was properly refused. Railway v. Mackie, 71 Texas, 498; 2 Willson's C. C., sec. 169; Tel. Co. v. Adams, 75 Texas, 531; Tel. Co. v. Rosentreter, 80 Texas, 406; Tel. Co. v. Broesche, 72 Texas, 654; 2 Add. on Con., secs. 955, 984, 989, 1010; Wade on Notice, secs. 541–554.

2. Where an instrument of writing which forms the basis of a suit is in the hands of the opposing party, he is required to produce it in court, or every intendment of law is against him. Lumber Co. v. Tel. Co., 58 Texas, 394; Ferguson v. Harwood, 7 Cranch, 408; So Relle v. Tel. Co., 55 Texas, 308; Thompson v. Dunn, 44 Texas, 88; Nash v. Towne, 5 Wall., 689; Railway v. Lindsay, 4 Wall., 650; May v. Pollard, 28 Texas, 677; Wiebusch v. Taylor, 64 Texas, 53; Longley v. Caruthers, 64 Texas, 287.

STEPHENS, ASSOCIATE JUSTICE.—This suit was brought by appellee to recover damages for mental suffering caused by the negligent failure of appellant to promptly transmit and deliver a telegram sent by W. A. Brundage, from Midlothian, to appellee, in care of Dan Butcher, at Wichita Falls. The material allegations of the petition are sustained by the proof. We therefore concur with the trial court in approving the verdict for $500.

The assignments of error will be disposed of seriatim.

1. There was no error in refusing to suppress the deposition of W. A. Brundage, on the alleged ground that the officer taking the deposition failed to write his name across the seal. The trial court found that the name was written across the seal, and an inspection of the envelope sent up with the transcript fails to show to the contrary. Besides, the bill of exceptions fails to show that any part of this particular deposition was read in evidence.

2. There was no error in refusing to charge, that the stipulation contained in the printed form upon which the message was written by appellant's agent, at Wichita Falls, preparatory to its delivery to appellee, required notice in writing to be given of the claim for damage within sixty days before suit could be instituted. When the message was received for transmission at Midlothian, it was not written upon a printed form containing any such stipulation. Then it was that the contract was made and

that the compensation for the service rendered was received. Appellant certainly could not, with any show of reason, after it had both made and broken its contract, impose a condition not insisted upon when the contract was entered into.

3. There was no error in admitting the evidence of W. A. Brundage, over appellant's objections, on the ground of an alleged variance. The message delivered to appellee by appellant as the one sent by Brundage was set out in the petition, and the proof showed that only one message had been sent. It was for the jury to determine the weight to be given his testimony in reference to the date and verbiage of the message. They might very properly have concluded that in testifying from memory he made a mistake of one day, and slightly varied the words but not the meaning of the message. The misdescription amounting to a variance, that is, which tends to mislead and surprise the adverse party, is a misdescription in the pleadings and not in the evidence. If the evidence tends to prove the issue, its errors and imperfections will not exclude it. The court could not say that, under all the circumstances of the case, in testifying that the message was sent on the 17th of December, the witness did not in reality have reference to the message sent on the 18th of December, the proof showing that only one message was sent. At all events, there was nothing in the manner of alleging the cause of action in this case to operate a surprise on appellant. Bank v. Stephenson, 82 Texas, 435, and cases there cited; Thompson v. Dunn, 44 Texas, 88.

4. The verdict is well supported by the evidence, and the judgment will be affirmed.

*Affirmed.*

Delivered June 21, 1893.

A motion for rehearing was refused.