ORIENT CONSOL. PURE ICE CO. et al.
v. EDMUNDSON et al.†

(Court of Civil Appeals of Texas. Ft. Worth.
June 17, 1911. Rehearing Denied
Oct. 21, 1911.)

1. TRIAL (§ 252*)—INSTRUCTIONS — APPLICATION TO ISSUES AND EVIDENCE.

Where, in an action for death of plaintiff's daughter caused by the discharge of a blowpipe alleged to have been negligently constructed and maintained in connection with the plant of defendant ice company, defendant pleaded that the placing of the pipe was the work of the F. Company, an independent contractor, but plaintiff pleaded and offered evidence to show that the ice company had received and was operating the plant at the time of the accident, the court did not err in refusing to charge that if the jury believed the defendant ice company had contracted with the F. Company to install the plant, and by the terms of the contract the F. Company had entire charge and control of the erection of the plant, plaintiff could not recover.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 596–612; Dec. Dig. § 252.*]

2. MASTER AND SERVANT (§ 318*)—INJURIES TO THIRD PERSONS — CONSTRUCTION OF PLANT—INDEPENDENT CONTRACTOR.

Where a contract for the construction of an ice plant by the F. Company provided that the latter should make and erect the machinery, but that defendant ice company should also do certain enumerated things in the construction of the plant, and furnish all materials not specifically undertaken to be furnished by the F. Company, the agreement contemplated the co-operation of the two companies, and did not show that the work was so completely under the control of the contractor as to exempt the ice company from liability for negligence in the manner of the construction of the plant.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 1257, 1258; Dec. Dig. § 318.*]

3. MASTER AND SERVANT (§ 324*)—CONSTRUCTION OF MACHINERY — INDEPENDENT CONTRACTOR.

Where defendant ice company was actually operating and using the machinery of its plant at the time plaintiff's minor daughter was killed as the result of mud and steam being discharged through a blowpipe negligently constructed and maintained, and actually caused the mud and steam which caused the child's death to be discharged, it was no defense that the pipe was constructed by an independent contractor.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 1265; Dec. Dig. § 324.*]

4. TRIAL (§ 253*)—INSTRUCTIONS — APPLICABILITY TO EVIDENCE.

Where plaintiff's child, when she was struck by mud and water discharged from the blowpipe of defendant ice company and whereby she was so injured that she died, was at the end of a trench dug by the flowing steam from the pipe on a railway right of way at a point frequently traveled by the public in general, including children, a request to charge that if the child was at the end of the trench on the railway right of way, and defendant did not know the child was there the verdict should be for defendant, was properly refused, as ignoring defendant's duty so to construct and maintain its plant as not to cause injury to persons whose presence ought reasonably to be anticipated.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 613–623; Dec. Dig. § 253.*]

5. MASTER AND SERVANT (§ 330*)—INJURIES TO THIRD PERSONS—INDEPENDENT CONTRACTOR—EVIDENCE.

Where, in an action for death as the result of the operation of defendant's ice plant, it pleaded that the plant had been constructed by an independent contractor, and plaintiff claimed that defendant ice company at the time of the accident had accepted the plant as completed, such fact was provable by parol evidence, either direct or circumstantial, and hence it was not error to permit the introduction of a deed of trust executed by the ice company to the contractor to prove such fact over an objection that the deed did not bear the ice company's corporate seal.

[Ed. Note.—For other cases, see Master and Servant, Dec. Dig. § 330.*]

Appeal from District Court, Jones County; C. C. Higgins, Judge.

Action by J T. Edmundson and others against the Orient Consolidated Pure Ice Company and another. From a judgment in favor of plaintiffs against defendant ice company, it appeals. Affirmed.

J. B. McMahon and N. A. Brown, for appellant. Nelson & Pool and Helton & Murchison, for appellees.

SPEER, J. J. T. Edmundson and his wife instituted this suit against the Orient Consolidated Pure Ice Company and Frick Company to recover damages for the death of their infant daughter, alleged to have been caused by the discharge of a blowpipe alleged to have been negligently constructed and maintained in connection with the defendant ice company's plant. The defendants pleaded the general denial, contributory negligence, and the defendant ice company pleaded that the placing of the blowpipe was the work of an independent contractor, namely, its codefendant, Frick Company. The plaintiff dismissed as to the Frick Company, and obtained a verdict and judgment against the ice company for the sum of $2,500, from which that company has appealed.

[1] We conclude that the facts in evidence do not raise the issue of independent contractor pleaded by appellant, and the court did not therefore err in assuming, if he did, that the blowpipe was located or constructed and operated by appellant, and in refusing special charge No. 9, authorizing a verdict for appellant if the jury believed it had entered into a contract with Frick Company, by the terms of which that company was to have entire charge and control of the erection of the ice plant, etc. The special charge was also properly refused because it ignored the issue tendered by plaintiff, which the evidence tended to support, that appellant had received and was operating the plant at the time of the accident, even though it had been constructed by an independent contractor. Briefly stated, our reasons for saying the defense of independent contractor finds no support in the evidence are these: Appellant answered that the con-

struction of the ice plant, including, of course, the placing of the exhaust pipe, was wholly in the hands of Frick Company as an independent contractor, and the burden was therefore upon it to support this answer by proof.

[2] The written contract between appellant and Frick Company was introduced in evidence. No useful purpose could be subserved by setting out this contract at length, but it is sufficient to say that it purports to evidence a sale by Frick Company to appellant of certain ice-making machinery and an agreement to erect the same for appellant. At the same time, however, it is therein specifically agreed that appellant is to do certain enumerated things in the construction of the plant and to furnish all materials, etc., not specifically undertaken to be furnished by Frick Company. The contract specifies just what is to be done by Frick Company and also what is to be done by appellant, stipulating that the whole work is to be under the general supervision of Frick Company's engineer, but that appellant company is to furnish an assistant engineer. The oral evidence indicates that the work of constructing the plant was carried out substantially as contemplated in the written contract. We think such an agreement contemplating as it does the joint co-operation of appellant and Frick Company does not show that the work was so completely under the supervision of the contractor, and free from the control of the owner as to exempt it from liability for negligence in the manner of the construction of the plant.

[3] Besides, the evidence is undisputed that at the time of the accident the appellant company as to plaintiffs at least was actually operating and using the machinery and actually caused the discharge of mud and steam through the blowpipe which caused the death of the little girl.

[4] Appellant requested the following charge: "If you believe from the evidence that the little child was at the time of the accident at the end of the trench across the main ditch, and that the end of the trench was on the railway right of way, and that at such time this defendant did not know said child was at such place, you will find your verdict for defendant." The evidence would have warranted a finding that the child at the time of the accident was at the end of the trench dug by the flowing steam on the railway right of way, and, furthermore, that the appellant did not at the time know the child was at such place; but to have given the requested charge would have been error because it ignored the further issue in the case that even the right of way at this place was a public place, traveled and frequented so generally by the public, including children, as that appellant ought in the exercise of ordinary diligence to have antici-

pated their presence at that place. The authorities cited by appellant, namely, Dobbins v. M., K. & T. Ry., 91 Tex. 60, 41 S. W. 62, 38 L. R. A. 573, 66 Am. St. Rep. 856, Stamford Oil Mill Co. v. Barnes (Sup.) 128 S. W. 375, 31 L. R. A. (N. S.) 1218, and City of Greenville v. Pitts, 102 Tex. 1, 107 S. W. 50, 14 L. R. A. (N. S.) 979, 132 Am. St. Rep. 843, support the general proposition that one does not owe a duty in the construction and maintenance of his structures or operation of his business to guard against trespassers, but they do not intimate to the contrary of the principle above announced that such person would owe a duty to that part of the public whose presence under the facts of the case ought reasonably to be anticipated. They recognized such doctrine.

[5] There was no error in allowing the Frick Company to introduce in evidence a deed of trust from appellant to itself as against the objection that the deed did not bear the company's corporate seal. The purpose was not to establish any rights under the deed as a conveyance of the corporation, but merely to show a circumstance tending to support the plea that appellant had accepted from Frick Company the completed plant. This fact might have been proved by oral evidence either direct or circumstantial.

The last assignment attacks the verdict for various reasons, but there is submitted under it a single proposition identical with one already considered by us.

There is no error in the judgment, and it is affirmed.