STEPHENVILLE, N. & S. T. RY. CO. et al. v. WHEAT. (No. 8015.)†

(Court of Civil Appeals of Texas. Ft. Worth. Nov. 14, 1914. Rehearing Denied Dec. 19, 1914.)

1. MASTER AND SERVANT ☞257—INJURY TO SERVANT—EXISTENCE OF RELATION—PETITION.

A petition in an action against a railroad company and its contractor to construct a line of road for injuries to an employé which alleges that the company and contractor jointly constructed the road, that the employé was employed by both, and that the contractor was but an agent of the company in the doing of the work, states a cause of action against the company and the contractor as against a general demurrer, though the principle of respondeat superior does not apply to a mere agent not an active participant in a wrong made to constitute the foundation of an action.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 813, 814; Dec. Dig. ☞257.]

2. PLEADING ☞218—PETITION—CONSTRUCTION.

The court, in determining the sufficiency of a petition attacked by general demurrer, must indulge every reasonable intendment in favor of the petition.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 549–566; Dec. Dig. ☞218.]

3. DAMAGES ☞143—PERSONAL INJURIES—PETITION—SUFFICIENCY.

A petition for personal injuries which alleges that plaintiff was with great violence hurled from the top of a tank and fell to the ground, 30 feet below, and that by reason thereof he was rendered unconscious, and his back broken or greatly crooked, and was injured in the small of his back and paralyzed from his hip down, and that the injuries were permanent, and rendered him incapable of doing any work or of earning

money in any capacity that he ever had, informs defendant of the nature of the injuries as against a special exception that the description is too general.

[Ed. Note.—For other cases, see Damages, Cent. Dig. §§ 410, 433; Dec. Dig. ☞143.]

4. APPEAL AND ERROR ☞1040 — HARMLESS ERROR—RULINGS ON PLEADINGS.

Where defendant, when sued for a personal injury received by plaintiff, did not show that he was surprised by evidence of the injuries or misled by the allegations of the petition describing the injuries and did not question the extent of the injuries or the amount of the verdict, error, if any, in overruling special exception to the petition because the allegations descriptive of the injury were too general was harmless.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4089–4105; Dec. Dig. ☞1040.]

5. MASTER AND SERVANT ☞264—INJURY TO SERVANT—ISSUES, PROOF, AND VARIANCE.

The variance between a petition in an action for injuries to an employé alleging that, while the employé was standing on a board extending from the tender of the engine to the top of a water tank on a car, the engine started, throwing him off and to the ground below, and the proof that the plank extended from the first tank back of the engine to the second tank on the car, was not fatal, where defendant was not surprised thereby.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 861–876; Dec. Dig. ☞264.]

6. APPEAL AND ERROR ☞501—QUESTIONS REVIEWABLE—INSTRUCTIONS—RECORD.

Objections to instructions given and refused will not be considered where the record does not show that exceptions were taken as required by Acts 33d Leg. c. 59.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2300–2305; Dec. Dig. ☞501.]

7. APPEAL AND ERROR ☞719—QUESTIONS REVIEWABLE—"ERROR APPARENT OF RECORD"—"APPARENT."

"Error apparent of record" within the statute requiring consideration of such an error without an assignment is error ascertainable on looking at the face of the record, and the question of the sufficiency of the evidence to sustain the verdict cannot be considered as error apparent of record, for the court must search the statement of facts and consider the conflicting contentions of opposing counsel to determine, not only what the evidence is, but also as to what are the proper inferences to be drawn therefrom; the word "apparent" meaning clear or manifest to the understanding; plain; evident; obvious; proper to the mind or eye.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2968–2982, 3490; Dec. Dig. ☞719.

For other definitions, see Words and Phrases, First and Second Series, Apparent; Error Apparent.]

8. APPEAL AND ERROR ☞169—QUESTIONS REVIEWABLE—WAIVER.

Where the trial court had jurisdiction of the subject-matter and of the parties, and the judgment was one that could be rendered under the pleadings, error, to be available on appeal, must have been properly called to the attention of the trial court, so that it might have cured the error.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1018–1034; Dec. Dig. ☞169.]

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

† Writ of error pending in Supreme Court.

9. APPEAL AND ERROR ⊛⇒882—QUESTIONS RE-VIEWABLE—INVITED ERROR.

A party requesting instructions submitting issues to the jury may not complain of the refusal of a subsequent requested peremptory instruction in his favor because the error, if any, in refusing the peremptory instruction was invited.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3591–3610; Dec. Dig. ⊛⇒ 882.]

10. APPEAL AND ERROR ⊛⇒500—QUESTIONS REVIEWABLE—PRESUMPTIONS.

Where the court on appeal cannot determine from the record whether a peremptory instruction was refused because the party requesting it had previously requested instructions submitting issues to the jury, or whether the peremptory instruction was first presented, refusal of the peremptory instruction will not be reviewed.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2295–2298; Dec. Dig. ⊛⇒ 500.]

Appeal from District Court, Comanche County; J. H. Arnold, Judge.

Action by Lester Wheat against the Stephenville, North & South Texas Railway Company and others. From a judgment for plaintiff, defendants separately appeal. Affirmed.

E. B. Perkins and D. Upthegrove, both of Dallas, Marshall Ferguson, of Stephenville, and Harry P. Lawther, of Dallas, for appellants. Goodson & Goodson, of Comanche, Woodward & Baker, of Coleman, and Theodore Mack, of Ft. Worth, for appellee.

CONNER, C. J. During the year 1911 Thompson & Scott, a firm composed of J. W. Thompson and John R. Scott, were engaged as contractors in the construction of a line of railway for the appellant railway company. Appellee was employed by said firm as an engine watchman in the railway yards at Maxwell, in Comanche county, and on the night of September 23, 1911, in the course of his duty, was endeavoring to pass from the tender of a locomotive standing upon one of the tracks in the yards back and over some water tanks situated upon a flat car attached to the engine. As he alleged and testified, while in the act of traversing a board laid upon the top of the water tank for that purpose, another employé of the contractors suddenly and with violence started the engine in such manner and with such force as to throw appellee from the board mentioned off of the car, whereupon he fell into the bed of a dry creek some 30 feet below, thereby receiving very serious injuries. Later this suit was instituted against both the railway company and against the contracting firm of Thompson & Scott, appellee alleging, among other things, to the effect that both appellants were jointly engaged in the construction of the railway, and that at the time of his accident he was engaged in the performance of service for both of them.

The trial before a jury resulted in a verdict and judgment in appellee's favor against both the railway company and Thompson & Scott for $15,000, with a judgment for the same sum in favor of the railway company on its cross-plea against the firm of Thompson & Scott and John R. Scott, who had been served personally. The railway company and Thompson & Scott have prosecuted separate appeals. We will first dispose of the appeal of the appellant last mentioned.

[1, 2] This appellant first insists by appropriate assignment that the court erred in overruling its general demurrer to the appellee's petition. It is insisted that it is bad on general demurrer, for the reason that it is therein alleged that Thompson & Scott were but the agents and servants of the railway company in the performance of the work of constructing the railway; the contention being that in such event the railway alone was responsible. While the petition contains allegations as imputed, and while it seems logically true and has support in authority (Blake v. Ferris, 5 N. Y. 48, 55 Am. Dec. 304) that the principle of respondeat superior has no application to a mere agent or servant not an active participant in a wrong made to constitute the foundation of an action, yet we find that the allegations of appellee's petition, upon which the contention under consideration is predicated, were evidently made in anticipation merely of the defense in support of which all the force of both appellants was directed; to wit, the defense that Thompson & Scott were independent contractors for whose act and negligence the railway company was in no wise responsible. The petition otherwise, however, when construed in the light of the rule that on general demurrer every reasonable intendment is to be indulged in its favor, substantially alleges that the appellant railway company and the contracting firm were jointly engaged in the construction of the road, and that appellee was employed by both defendants, which, if true, as we must assume for the purposes of the demurrer, would certainly entitle appellee to relief. The assignment relating to the general demurrer will therefore be overruled.

[3] This appellant also complains of the action of the court in overruling its special exception. The exception is to the effect that the plaintiff's allegations descriptive of his injury are too general and indefinite. The allegations thus attacked are as follows:

"Plaintiff was suddenly and with great violence, and without any notice by which he could protect himself, hurled from the top of said tank car, and fell into the bed of a dry creek, about a distance of 30 feet, and by reason thereof was rendered unconscious, and had his back broken or greatly crooked, and was severely hurt or injured in the small of his back, and was totally paralyzed from his hip down to and including his feet."

It was further alleged that the injuries specified are incurable and permanent and rendered appellee incapable of doing work of

any kind or of earning money in any capacity that he ever had, and, on the whole, we think the allegations were sufficiently specific to inform appellant of the nature of the injuries received. Too great particularity in description is not to be expected; the purpose of the law being to fairly apprise a defendant of what he will be called upon to meet. Many authorities might be cited in support of the court's ruling. We will, however, refer to a few of them only. See Railway v. Brown, 30 Tex. Civ. App. 57, 69 S. W. 1010; Rapid Transit Ry. v. Allen, 54 Tex. Civ. App. 245, 117 S. W. 486; Railway v. McMannewitz, 70 Tex. 73, 8 S. W. 66; Railway v. Mitchell, 72 Tex. 171, 10 S. W. 411; Railway v. Coffman, 160 S. W. 145.

[4] We will add that, if it could be said that there was error in the ruling, it is not made to appear that appellant in any way was prejudiced thereby. In no assignment presented is it suggested that appellant upon the trial was surprised by the evidence relating to appellee's injuries, or misled by the allegations under consideration, nor is there any assignment that questions in any way the extent of appellee's injuries or the amount of the verdict and judgment. So that in no view of the assignment under consideration would we feel authorized to reverse the judgment because of the court's ruling. The assignment, accordingly, will be overruled.

[5] In appellant's fifth assignment it is insisted that the court should have given a requested charge for an instructed verdict, and in the eighth assignment that the court erred in admitting certain of appellee's testimony, on the ground of a variance between allegations of the petition and the evidence. The insistence as developed in the statement and argument under these assignments is that, inasmuch as it was alleged that the board from which appellee fell extended from the tender of the engine to the top of the first tank upon the water car, instead of from the first tank .back to the second tank on the car, as he testified, the variance is fatal. We fail to see in what way the variance indicated was misleading or prejudicial to any right appellant had. The record fails to show that in any way appellant was surprised by the variance indicated, or that it could materially affect the consequences of the engineer's negligence in suddenly starting the engine, as appellee testified he did. The fifth and eighth assignments are accordingly overruled. McClelland v. Smith, 3 Tex. 210; Brown Candy Co. v. Johnson, 159 S. W. 684, 685; W. U. Tel. Co. v. Hinkle, 3 Tex. Civ. App. 518, 22 S. W. 1004; Krueger v. Klinger, 10 Tex. Civ. App. 576, 30 S. W. 1087; Jones v. Meyer Bros. Drug Co., 25 Tex. Civ. App. 234, 61 S. W. 553; Traction Co. v. Court, 31. Tex. Civ. App. 146, 71 S. W. 779; Houston Light Co. v. Hooper, 46 Tex. Civ. App. 257, 102 S. W. 133; Haralson v. Traction Co., 53 Tex. Civ. App. 253, 115 S. W.

876; May v. Pollard, 28 Tex. 677; Smith v. Shinn, 58 Tex. 3; Hays v. Samuels, 55 Tex. 563; Lasater v. Van Hook, ·77 Tex. 655, 14 S. ·W. 270; Brown v. Sullivan, 71 Tex. 470, 10 S. W. 288; Phipps v. Willis, 11 Tex. Civ. App. 186, 32 S. W. 801.

[6] The remaining assignments of this appellant are the third, fourth, sixth, and seventh, which are objected to by appellee, and will be disregarded, inasmuch as they present objections to clauses of the court's charge and to the action of the court in refusing special charges requested, for the reason that the record fails to show that the objections to the court's charge were presented before its delivery to the jury, and fails to show that exceptions were taken to the action of the court in refusing the special charges, as required by act approved March 29, 1913 (Gen. Laws, 1913, p. 113). See Heath v. Huffhines, 168 S. W. 974; Railway Co. v. Wadsack, 166 S. W. 42; Mut. Life Ass'n v. Rhoderick, 164 S. W. 1067; Railway Co. v. Tomlinson, 169 S. W. 217.

We are of the opinion, therefore, that, as assigned, no error in the judgment in appellee's favor against Thompson & Scott has been presented which will authorize a reversal. The judgment as against this appellant will accordingly be affirmed.

This brings us to the more difficult question of what shall be done with the appeal of the Stephenville North & South Texas Railway Company. Aside from assignments complaining of errors in the court's charge, which are not now available for want of a showing of the proper objections in the court below, and an assignment complaining of an argument on the part of appellee's counsel, which we do not think should cause a reversal, the vital question presented by the assignments of error is whether the court should have given the peremptory instruction directing a verdict in favor of the railway company, on the grounds that the undisputed evidence shows that appellee at the time of his injury was a servant of, and subject to the control of, an independent contractor alone, and that the act of negligence made the foundation of the action against the railway company was the act alone of the independent contractor. That the act of the person operating the engine at the time constituted negligence which was the proximate cause of appellee's injuries is not questioned by any assignment presented by either appellant, nor has either appellant questioned the serious character of the appellee's injuries, or the amount of the verdict and judgment. So that the disposition of the appeal now under consideration must depend upon a proper disposition of the first specification of error or group of assignments and propositions all going to the single question of whether the court erred in refusing to give the peremptory instruction indicated. But, before going to the merits of the questions involved, we must first dispose of an objection made·

by appellee to the assignment to be considered. It is objected to on the ground that the record fails to show that any exception was taken to the act of the court in refusing the peremptory instruction. We find this to be the fact, and we have a number of times, as, indeed, in the present case, held that for an error in refusing charges to be available the record must show that the action of the court was duly excepted to as provided by the act approved March 29, 1913, and as held by us in authorities hereinbefore cited in disposing of the appeal of Thompson & Scott.

In Owens v. Corsicana Petroleum Co., 169 S. W. 192, the Court of Civil Appeals for the Seventh District held that the act of 1913 did not apply to the action of the court in giving a peremptory instruction in favor of one of the parties, but no authority is cited in support of the conclusion reached by that court, and we think the case should be limited to its own facts, which are that the peremptory charge given was oral, as appears from the original briefs in the case, and hence not submitted to counsel for examination and objection, as required by the act of 1913. In such case it may well be held that the legislative act would not be applied; for the act expressly provides that opportunity shall be given counsel to examine the court's charge and to present objections thereto before it is given to the jury, and, when such opportunity is denied by the trial court, an appellate court doubtless is not without power to grant relief. Nor do we wish to be understood as holding that the act applies to mere directions to the jury incidentally arising during the course of a trial, which are not required by the law to be in writing, and which do not relate to the law of the case. But here the charge was in writing, and no lack of opportunity to properly except to its refusal appears. The statute is explicit. It says:

"The ruling of the court in giving, refusing, or qualifying of instructions to the jury shall be regarded as approved unless excepted to as provided for in the foregoing article." Laws 1913, p. 114.

The act is not only explicit, but it is also mandatory in its terms. Nor is it limited to any particular character of charge. A peremptory charge to end the controversy by a verdict on the merits in favor of one of the litigants seems certainly within the broad terms of the statute, and in its essence is a concrete statement on the part of the court of the controlling law of the case. In this state it has frequently been held that, to be available on appeal, exception must be reserved to errors in the court's general charge, as well also as to the refusal upon the part of the trial court to submit certain special issues. See Roberds v. Laney, 165 S. W. 114; Ross v. Jackson, 165 S. W. 513; Railway Co. v. Galloway, 165 S. W. 546; Railway Co. v. Crutchfield, 165 S. W. 551; Saunders v. Thut, 165 S. W. 553; Johnson v. Hoover, 165 S. W.

900; Railway Co. v. Wadsack, 166 S. W. 42; McKinzie v. Imperial Irr. Co., 166 S. W. 495; Railway Co. v. McCall, 166 S. W. 925; Railway Co. v. Sharpe, 167 S. W. 814; Lester v. Hutson, 167 S. W. 321; Ford Motor Car Co. v. Freeman, 168 S. W. 80; Lakeside Irr. Co. v. Buffington, 168 S. W. 21; Taylor v. Butler, 168 S. W. 1004; Heath v. Huffhines, 168 S. W. 974; Cleburne Street Ry. Co. v. Barnes, 168 S. W. 991; Saunders Live Stock Commission Co. v. Kincaid, 168 S. W. 977; Railway Co. v. Mallard, 168 S. W. 994; Railway Co. v. Brown, 168 S. W. 866; Railway Co. v. Tomlinson, 169 S. W. 217. While in none of the cases cited does it appear that the court was called upon to act upon the giving or refusing of a peremptory instruction, it seems that the rule in the federal courts under their practice acts, from which it is said the act of 1913 was taken, is applied without distinction between peremptory and other instructions. Mexico Int. Land Co. v. Larkin, 195 Fed. 495, 115 C. C. A. 405; Emanuel v. Gates, 53 Fed. 772, 3 C. C. A. 663; Potter v. U. S., 122 Fed. 49, 58 C. C. A. 231; Robinson v. Van Hooser, 196 Fed. 620, 116 C. C. A. 294; Gering v. Leyda, 186 Fed. 110, 108 C. C. A. 222; Sutherland v. Round, 57 Fed. 467, 6 C. C. A. 428. So that we see no satisfactory reason for holding that the charge or instruction under consideration is not within the purview of the act of 1913, or why we should, as to it, disregard the mandate of the Legislature, to the effect that, in the absence of a proper exception, the action of the court in refusing it shall be regarded as approved. Appellee invokes this act, and it is his right, as we conceive it to be, to have it enforced.

[7] But it is urged that the question presented by the assignment under consideration is fundamental, or "error apparent of record," which we are required under the statute to consider without an assignment and regardless of the act of 1913. It seems that this contention has support in the decisions of several of our Courts of Appeals, which, at least apparently, hold it to be fundamental error to render a judgment without evidence to support it, and that such error requires a review of the record on appeal without any specific assignment of error. See Hough v. Fink, 141 S. W. 147; Hahl v. Kellogg, 42 Tex. Civ. App. 636, 94 S. W. 389; T. & P. Ry. Co. v. Hightower, 12 Tex. Civ. App. 41, 33 S. W. 541. But we think the cases of Houston Oil Co. v. Kimball, 103 Tex. 94, 122 S. W. 533, by our Supreme Court, and City of Beaumont v. Masterson, 142 S. W. 984, Walker v. T. & N. O. R. Co., 51 Tex. Civ. App. 391, 112 S. W. 430, and Webb Heirs v. Kirby Lumber Co., 48 Tex. Civ. App. 543, 107 S. W. 581, by the Court of Civil Appeals for the First District, are of contrary effect and supported by better reason. Webster defines the word, "apparent" thus:

"Clear or manifest to the understanding; plain; evident; obvious; appearing to the eye or mind."

And our Supreme Court, in the case first cited, after quoting the above definition with approval, further said:

"This does not mean that an error which can be ascertained by looking into the record and considering the evidence may be considered without an assignment, for that would include every error which can be considered at all. Nothing can be considered as an error which cannot be made apparent by an examination of the record. Therefore the language of the statute must be given that construction which will make it consistent with its requirements in other respects. The language 'apparent upon the face of the record' indicates that it is to be seen upon looking at the face of the record (that is, the assignment itself). The fact pointed out by it must show a good and sufficient ground for the court to interpret to prevent injustice being done to one of the parties. Perhaps the best expression is that it must be a fundamental error; such error as, being readily seen, lies at the base and foundation of the proceeding and affects the judgment necessarily."

A reading of the opinion perhaps does not make very clear the precise contention in that case. It was, however, as we infer, that the charge of the court complained of was unauthorized because of the state of the undisputed evidence, and in speaking of the assignment the court further says:

"If we take the first assignment (the one there under consideration) in its terms, there is not apparent upon the face of that record any one of the things pointed out in the propositions under it. By an examination of the record it might be found that the facts existed as claimed in the propositions, but they are not manifest, and not evident, not obvious, without an examination and weighing of the evidence to determine whether or not the assignment is well taken."

In the case of City of Beaumont v. Masterson, above, error "apparent of record" was complained of on the ground "that the undisputed evidence shows," etc., and the court, in disposing of the contention, said:

"It will be clearly seen that, in order to determine whether the error exists as complained of, it will require an examination of almost the entire record, including the pleadings and evidence contained in a very lengthy statement of facts."

It was held that this would not be done, and that the error complained of was not one "apparent upon the face of the record."

The case of Walker v. T. & N. O. R. Co., supra, was one wherein complaint was made of a peremptory instruction to return a verdict for the defendant. The assignment was disregarded on the ground of an insufficient statement, the court stating, among other things, that:

"In order to sustain the assignment we would be compelled, with no assistance from the brief, to go through the entire record, to be able to understand the state of the evidence upon the other issues. The assignment so presented cannot be considered."

These cases appear to illustrate the difficulties of appellant's contention in the present case; for, to authorize the trial court in giving a peremptory instruction, as has often been decided, the evidence must be of such character as that there is no room for ordinary minds to differ as to the conclusion to be drawn from it. And for the purpose of drawing the conclusion sought by the appellant in this case, we must of necessity search the statement of facts and consider the conflicting contentions of opposing counsel in order to determine, not only what the evidence is, but also as to what are the proper inferences to be drawn therefrom.

[8] To adopt this as a rule of appellate procedure is to adopt a rule at variance, as it seems to us, with the trend of all the later legislative practice acts, and of the rules of our Supreme Court, and of the great majority of the decisions of our own and of other states, to the effect that, if it appears that the court has jurisdiction of the subject-matter and of the parties, and that the judgment is one that could be rendered under the pleadings, then an error in the proceedings, to be available on appeal, must appear to have been properly called to the attention of the trial court, to the end that such error may there be cured, if it can be done, without going through the expensive, tedious, and long-delaying processes of appeal. 2 Cyc. 677, 660, 699.

[9, 10] For yet other reasons appellant is not in a favorable attitude to require a consideration of the assignment of error under consideration. The record discloses that, in addition to the peremptory instruction to the refusal of which complaint is urged, appellant also requested a number of other special charges submitting one or more of the issues raised by the pleadings. The court also submitted a general charge, and no objection to the refusal of the court to give the special charges last mentioned, nor objection to the court's general charge, has been made that we are authorized to consider under the act of 1913. We cannot say from the record that the peremptory instruction was requested prior to the request to give the other special instructions, and it has been held that, where a litigant requests conflicting instructions, he cannot complain that the court gave the one and rejected the other. For all that we can legally say, from the record before us, the court may have refused the peremptory instruction on the ground that appellant requested instructions inviting the submission of the issues to the jury. See Mutual Life Ass'n v. Rhoderick, 164 S. W. 1067, and Cleburne Street Ry. Co. v. Barnes, 168 S. W. 991. In the case last cited, while considering the action of the court in refusing a requested peremptory instruction, this court said:

"The court gave a general charge submitting the plaintiff's cause upon the issue of negligence mentioned, and also upon defendant's pleas of contributory negligence, all said issues being submitted as disputed issues, and the record fails to show that any objection was urged by the defendant to any portion of that charge. If, as provided by the amended statutes, a charge given without objection must be regarded as approved, it follows logically, we think, that parties who thus approve the charge are in the same situation as if that charge had been requested by them. And, according to a well-established

rule of decisions in force before the enactment of that statute, if a party requests two different instructions upon the same issue, and one of them is given, he cannot complain of the refusal of the other. The evident purpose of the act referred to was to require the trial judge to be given the full benefit of any objections to his charge to the jury that might be urged upon appeal, to the end that the charge, as finally submitted to the jury, may be so framed as to avoid such objections."

We approve what we there said. If a defendant upon a trial, after the introduction of the evidence, is of opinion that such evidence does not authorize a recovery in the plaintiff's favor, he should, to be in harmony with our amended practice act and rules, request a peremptory instruction, or otherwise call the trial court's attention to the insufficiency of the evidence, to the end that the plaintiff may then correct it, if it can be corrected. But if he remains silent, and himself enters upon the trial by the introduction of his evidence, and by charges requests the submission of issues involved, and approves the court's charge submitting such issues, we think it should be held that he, in effect, has assumed that the evidence is such as to require the submission of the case to the jury upon proper charges, and that thereafter on appeal he will not be heard to insist otherwise. See Illinois Cent. R. Co. v. Larson, 152 Ill. 326,. 38 N. E. 784; 46 Cent. Dig. § 345, and authorities there cited. We conclude that appellee's objections to the assignment of error under consideration must be sustained.

No complaint is made of the judgment in favor of the appellant railway company over against Thompson & Scott, and hence the foregoing conclusions authorize, if they do not require, an affirmance of the judgment below in its entirety, and the majority conclude that this should be done without further consideration.

The writer; however, wishes to add that he, in fact, has considered the evidence, and would be inclined to the view, if we were called upon to determine its effect, that the evidence as a whole tends to show such cooperation between appellants in the work of construction, and particularly in the movement of the locomotive and car immediately connected with appellee's injury, as to take appellee's case out of the general rule of nonliability invoked by appellant, and to bring it fairly within the spirit of the following cases, viz.: Orient Consol. Pure Ice Co. v. Edmundson, 140 S. W. 124; Burton v. G., H. & S. A. Ry. Co., 61 Tex. 526; Wallace v. So. Cotton Oil Co., 91 Tex. 18, 40 S. W. 399; Salliotte v. King Bridge Co., 122 Fed. 378, 58 C. C. A. 456, 65 L. R. A. 620; Thomas v. Harrington, 72 N. H. 45, 54 Atl. 285, 65 L. R. A. 742; Jacobs v. Fuller, 67 Ohio St. 70, 65 N. E. 617, 65 L. R. A. 833; Anderson v. Fleming, 160 Ind. 597, 67 N. E. 443, 66 L. R. A. 119; L. & N. Ry. Co. v. Tow (Ky.) 63 S. W. 27, 66 L. R. A. 941, and exhaustive notes to these cases; Davis v.

Came-Wyman Co. (Tenn.) 150 S. W. 545; Judson & Little v. Tucker, 156 S. W. 225; and other cases cited in appellee's brief on this point. If so, the court in any event did not err in refusing the peremptory instruction.

But, regardless of this individual view, it is ordered that all assignments of error be overruled, and that the judgment below be in all things affirmed, for the reasons stated.