GILBERT v. FUHRMAN.  (No. 511.)

(Court of Civil Appeals of Texas.  El Paso. Jan. 13, 1916.)

APPEAL AND ERROR ⟨⟩⟩230 — PRESENTATION OF GROUNDS OF REVIEW IN COURT BELOW—NECESSITY.

Under Rev. Civ. St. 1911, art. 1971, as amended by Acts 33d Leg. c. 59 (Vernon's Sayles' Ann. Civ. St. 1914, art. 1971), requiring the court's charge to be in writing and to be submitted to the parties or their attorneys for inspection and a reasonable time given for examination, and providing that objections not then made shall be considered waived, defendant, who did not object to the court's charge before it was given or present appropriate charges, waived any errors, and must be considered as having adopted the charge.

[Ed. Note.—For other cases, see Appeal and Error, Dec. Dig. ⟨⟩⟩230; Trial, Cent. Dig. §§ 680–682.]

Appeal from El Paso County Court; A. Pool, Judge.

Action by S. A. Fuhrman against F. B. Gilbert. From a judgment for plaintiff, defendant appeals. Affirmed.

Adolf Hoffman and Del W. Harrington, both of El Paso, for appellant.  G. L. & Atlas Jones, of El Paso, for appellee.

WALTHALL, J.  This suit was filed in the county court at law by appellee against appellant, in which he sought to recover judgment for the sum of $280, alleged to have been stolen from his grip in his room while a guest in appellant's hotel.  Appellee alleged that said loss of said money was occasioned through the negligence, carelessness, and default of appellant, in that appellant—

"had no safe or place of deposit in the office of said hotel for the money or valuables of its guests, and no notice, in any way, was given plaintiff by defendant as to depositing money or valuables of guests while plaintiff was abiding at said hotel."

Appellant denied any knowledge of the fact that appellee had any money in his grip while he was a guest in the hotel; denied a knowledge of the loss of the money; denied that he was guilty of any act of negligence; alleged that while he had no safe for keeping valuables of guests, he had always safely kept valuables of guests when requested so to do; alleged that appellee at no time advised him that he had money in his grip, and made no request of appellant for its safe deposit or keeping.  The case was tried to a jury.  A verdict was returned in favor of appellee, on which the court rendered judgment in his favor.

Appellant presents four assignments of error, all complaining of the court's charge.  The court gave the following charge to the jury:

"The court instructs the jury that the only issues in this case for the jury to pass upon are the issues whether or not the plaintiff had in his possession $280, in good and lawful money, and whether or not he had the same stolen from the room occupied by him in defendant's hotel, after plaintiff had locked the door to his room in said hotel and was absent from the same."

The record filed in this court does not show that appellant, at any time, presented any objection or took any exception to the charge of the court.  Article 1971, Revised Civil Statutes 1911, as amended by chapter 59, p. 113, Gen. Laws 33d Leg., requires the court's charge to be in writing, and by the court submitted to the respective parties or their attorneys for inspection, and a reasonable time given them in which to examine it and present objections thereto, and provides that all objections not so made and presented shall be considered as waived.  We must therefore conclude that appellant was satisfied with the charge given and the issues therein submitted, and waived any errors in said charge he now offers to present to this court.  He should have presented them to the trial court at such time as the statute requires, when the supposed errors, if any, could have been corrected, and when such additional issues as the pleadings and evidence would admit could have been submitted to the jury.  As said by the appellate court for the Second district in Stephenville, N. & S. T. Ry. Co. v. Wheat, 173 S. W. 977: "The act is not only explicit, but it is also mandatory in its terms."  It seems to us quite clear that any error in a charge, though fundamental in its nature, can be and is waived by not presenting objections to it within the time and in the manner prescribed by the statute.  To hold otherwise would make the statute of no effect.

For the reasons given, we cannot consider any of the assignments of error, and the case is affirmed.

HARPER, C. J. (concurring).  This suit was instituted by S. A. Fuhrman against F. B. Gilbert, to recover $280 United States money, alleged to have been stolen from plaintiff's (appellee's) valise while a guest in defendant's hotel.  The defense was that appellant had no knowledge that appellee had any money; that he, defendant was not guilty of negligence.  The cause was submitted to a jury by general charge, and resulted in verdict and judgment for appellee for the money sued for, from which this appeal is taken.

The appellant's four assignments all complain of the following portion of the court's charge:

"The court instructs the jury that the only issues of this case for the jury to pass on are the issues whether or not the plaintiff had in his possession $280 in good and lawful money, and whether or not he had the same stolen from the room occupied by him in defendant's hotel and was absent from same."

First. Because it does not instruct the jury that the loss must have occurred by reason of the negligence of the defendant.  Sec-

ond. Because it limits the right to recover to the fact that the money was stolen from the room regardless of whether the defendant was negligent in not having an iron safe or sufficient lock to the door of the room, or keeping sufficient lookout. Third. Because the court charged that the jury were not to consider any evidence of negligence upon the part of plaintiff. Fourth. Because the charge given is tantamount to a peremptory instruction; is therefore fundamental error. The record does not disclose any proper exception to the charge as given, or that there were any special charges prepared and requested by defendant, as is now required by statute, as amended by chapter 59, p. 113, Gen. Laws 33d Leg. There appears in the transcript a statement that the appellant excepted to the charge of the court (no reasons given), which statement is from the stenographer reporting the case. It is not approved or signed by the court, nor does it show that it was urged or presented to the court at the time required by the statutes. Therefore, if it was error for the court to fail to instruct the jury that the loss must have occurred by reason of the negligence of defendant, in any respect, or if it was error for the court to charge the jury that they would not consider any negligence upon the part of the plaintiff, the error was waived as provided in the act cited, and as to the fourth, it is apparent from the portion of the charge quoted (and there is nothing in the other portions to the contrary) that the charge was not a peremptory charge as contended for.

I am therefore of the opinion that the assignments should be overruled, and the cause affirmed.